LEGATEES OF HORN *VS* GRAYSON.

1. Appraisers of the property of a decedent, are to return their appraisement to the County court, on oath; and although the record does not disclose the fact that it was sworn to, yet on error, such will be presumed to be the case.

2. The judge of the County court is authorised, by statute, to grant an order for the sale of the crop, in such manner as may seem reasonable, and the interests of the estate may require.

3. Where an executor or administrator seeks a settlement of his accounts, the law requires, that the vouchers shall be presen ted to the judge of the County court, who shall *hear, examine and state them*, and *report them for allowance.* The judge *then* must cause notice, for at least forty days, previous to further action on the accounts, to the end that all persons interested may examine, and, if necessary, prepare to contest them.

4. And in such case, the record must show, that the requisitions of the statute have been comp ied with : unless dispensed with by the appearance of parties.

5. Where accounts have been audited, examined and stated as the 'aw requires, and al owed after due notice,— the sett ement is binding on a l persons interested, and there is no authority for re-examination.

6. Where the record does not shew that an exception was taken to a decision below—the objection will be considered as waived.

Error to the Circuit court of Wilcox county.

This was an appeal from the action of the County court, on the settlement of the accounts of an executor. The opinion of the court in the case, sufficiently exhibits the matter at issue between the parties.

Legatees of Horn *vs.* Grayson.

ORMOND, J.—This was an appeal from the County court of Wilcox county, to the Circuit court of that county, on the final settlement of the accounts of the defendant in error, as the executor of A. C. Horn.

In the Circuit court, the following errors were assigned :

1. The court erred in receiving the inventory and appraisement of said estate, without being sworn to ;

2. The court erred in receiving the account of sales of the property belonging to said estate, the same not being sworn to ;

3. The court erred in permitting the said Grayson to sell a part of the personal property at private sale ;

4. The court erred in auditing and allowing the accounts of the said Grayson, at the same term ;

5. The court erred in receiving the account current of the said Grayson, ex'or, the same not being sworn to ;

6. The court erred in not permitting the heirs and legatees of the estate of A. C. Horn, to go into an examination of all the vouchers and accounts of the said Grayson, at the time of the final settlement ;

7. The court erred in declaring a balance in favor of the said Grayson.

The Circuit court affirmed the judgment of the County court, from which a writ of error has been prosecuted to this court.

The matters to be considered here, are the parts of the record brought to our notice by the assignments of error in the Circuit court.

The first three assignments of error are not well taken. The statute requires the appraisers to return the

appraisement on oath, and although the record does not disclose the fact that it was sworn to, it must be presumed that such was the fact.

The second assignment of error is not sustained by the record.

It is sufficient to remark, in reference to the third assignment, that the fifteenth section of the act on this subject, authorises the judge of the County court "to grant an order for the sale of the crop, in such manner as may seem reasonable, and the estate may require." Nothing seems to have been done in this case which the statute did not authorise.

The fourth assignment of error is well taken.

By the twenty-seventh section of the act entitled "Executors and Administrators," (Aik. Dig. 182,) it is provided, "That the Chief justice of the Orphans' court is empowered to take, receive and audit all accounts of executors, administrators and guardians."—"And the said Chief justice, after auditing such accounts, and causing them to be properly stated, shall report the same for allowance, to the next term of the Orphans' court, the executor, administrator or guardian, giving at least forty days notice of his intention of having such account presented at the said court for allowance at such term, by posting up notice," &c.

By a subsequent act, (pp. 252, s. 33, Aik. Dig.) it is enacted, "That hereafter, it shall be the duty of the judges of the County court, in their respective counties, to give the notice now required by law to be given by executors, administrators and guardians, of the term of said court at which any executor, administrator or guardian may

be required by said judge to present for allowance, his settlement or account current, made as prescribed by law, in vacation."

If an executor or administrator wishes to settle his accounts, this law makes it his duty to present his vouchers to the judge of the County court, whose duty it is to hear, examine and state them, and report them for allowance. It is then made the duty of the judge, to cause notice or advertisement to be given be made in the mode described in the act, at least forty days previous to any further action on the account. The object of the law is manifest. The account is to be stated—that all persons interested may examine it, and prepare, if necessary, to contest it. As the County court is one of special and limited jurisdiction, it is necessary that the record should show that the requisitions of the act have been complied with, unless they are dispensed with by the appearance of the parties.

At the April term, eighteen hundred and twenty-eight, there was this entry made on the minutes of the court: "Squire G. Grayson, executor of the last will and testament of Andrew C. Horn, applied for an annual settlement of his accounts: wherefore, it is ordered by the court, that notice be given by advertisement at the door of the court house, and three other public places in the county, requiring all persons interested in said estate, to appear at the court house in Canton, on the second Monday in June next, if they think proper; as at that time his vouchers will be examined, audited and determined."

It is plain that this is not a compliance with the law; there is no room left here for presumption; instead of

being examined and audited before advertisement—those matters are postponed to the final settlement. On the second Monday in June, the account was audited and allowed, and ordered to be recorded, no evidence appearing on the record that the notices of the settlement for forty days previous had been made.

On the ninth March, eighteen hundred and twenty-nine, certain vouchers of the defendant, numbered from forty-one to fifty, were examined and ordered to be filed in the office for settlement. No further notice is taken of this account, and yet this account is afterwards found in his general account, on final settlement, as having been previously allowed.

On the ninth August, eighteen hundred and thirty, the record states that in pursuance to previous notice, the defendant submitted his voucher, numbered from fifty-one to sixty-one, which were examined, audited and allowed against said estate.

On the twenty-eighth July, eighteen hundred and thirty-one, the defendant having been attached to compel a final settlement, an order similar in all respects to the former, is made, auditing and allowing the residue of his accounts.

These proceedings, not being in conformity to the requirements of the statute, cannot be sustained. If the objection could be surmounted, that the accounts of the executor were never audited, examined and stated, as the act requires, the record does not disclose that any notice was ever given of the time when the accounts were to be presented for the final action of the court. This objection is fatal.

Legatees of Horn *vs.* Grayson.

The fifth assignment is not sustained by the record.

Upon the final settlement of the executor, under the attachment, the legatees appeared by counsel, and moved the court to go into an examination of all the vouchers and accounts before that time audited and allowed; and also moved the court to exclude certain accounts offered for allowance, on the ground, that it did not appear, except by the oath of Grayson, that the accounts had been presented within the time required by law, which motions were refused by the court. There was no error in refusing the motions. If the accounts had been audited, examined and stated, as the law required, and allowed after due notice, they would have been binding on all, and there would have been no authority for a re-examination. Nor was there any ground for refusing to allow the claims of the executor for debts paid. If, in truth, they had been paid after they were barred by the statute of non-claim, that fact should have been shown by those who objected to their admission.

But if the court had erred on both points, the question would not now be open for revision. The record does not shew that any exception was taken to the decision of the court, and therefore the objection must be considered as waived. There was, therefore, no error, as supposed by the sixth assignment.

The striking a balance by the court, in favor of the executor, on the settlement of his accounts, cannot be construed to be a judgment against the estate, and therefore is not error.

The judgment of the Circuit court must be reversed, and the cause remanded to the Circuit court, that that

court may direct the County court to proceed to audit, examine and state the account of the executor, and after advertisement according to law, to allow or reject the same.