## ROBINSON & WIFE, ET ALS. v. STEELE, ADM'R, &C.

1. When an executor, administrator, or guardian wishes his account settled, he must first present it to the judge of the orphans' court, with his vouchers ; it must then be examined, or audited, and stated for allowance : forty days' no tice of the term, at which it will be reported for allowance, must then be given, that all persons interested may examine the account, thus stated, and be prepared to contest it.

2. Those pre-requisites, to a settlement of such accounts, must appear, by the record, to have been complied with.

Error to the County Court of Autauga.

Williams, for plaintiffs in error.

CLAY, J.—The object of the writ of error, in this case, is to reverse the decree and proceedings of the county [orphans'] court, upon the settlement of the account of the defendant in error, as administrator of the goods and chattels, rights and credits of Jeremiah Smith, deceased. The plaintiffs assigned for error, that the court erred,

1. In auditing and settling the accounts of the defendant on the same day, to-wit, the 7th September, 1842.

2. Because the accounts of the defendant were audited and allowed, without giving forty days' notice to the plaintiffs, or any one else.

3. Because the accounts of the defendant were ordered to be audited on the 5th Monday in August, 1840, but were not so audited until the 7th of September, 1842, and then audited without notice to the plaintiffs.

There are several other assignments, not deemed material to be noticed. Those just stated, however, appear to be fully sustained by the record, and either of them is fatal to the decree, rendered in the court below.

By the record, it appears, that, on the 9th July, 1840, " on motion of John Steele, administrator of the estate of Jeremiah Smith, deceased, for final settlement of said estate—ordered, that he file his account current and vouchers on or before the fifth Monday

in August next, in this office, and that publication be made in the Montgomery Advertiser, for forty days, notifying all persons interested in said settlement, to appear here on said day, to show cause if any, why said account current and vouchers should not be allowed."

The law provides, that the judge of the orphans' court may " take, receive, and audit all accounts of executors, administrators, and guardians ;" and that the said judge, " *after auditing such accounts and causing them to be properly stated*, shall report the same for allowance to the next term of the orphans' court, &c." [Aik. Dig. 182, § 27]—and further makes it the duty of the judge to give at least forty days' notice of the intention of such executor, administrator, or guardian, to have " such account presented at said court, for allowance at such term, &c." [Aik. Dig. 252, § 33.]

The record does not show that any of these preliminaries to a final settlement, have been properly performed. As laid down in the case of the Legatees of Horn v. Grayson, [7 Porter, 272–3,] " if an executor or administrator wishes to settle his accounts, this law makes it his duty to present his vouchers to the judge of the county court, whose duty it is to hear, examine, and state them, and report them for allowance. It is then made the duty of the judge to cause notice, or advertisement to be given, in the mode prescribed in the act, at least forty days previous to any further action on the account. The object of the law is manifest. The account is to be stated—that all persons interested may examine it, and prepare, if necessary, to contest it. As the county court is one of special and of limited jurisdiction, it is necessary that the record should show that the requisitions of the act have been complied with, unless they are dispensed with by the appearance of the parties."

This is certainly a clear and sound exposition of the provisions of the act, and of the reasons, on which they are founded. None of these requisitions seem to have been complied with, in the case at bar. When the order for publication of notice was made, it does not appear that the accounts and vouchers of the administrator, had been filed—of course, they had not been *audited, examined,* nor *stated.* The accounts and vouchers were only ordered to be filed, on or before the day appointed for their allowance ; hence, there was no opportunity for any one interested to

examine, or prepare to contest them. Nor does it appear by the record, as it should, that any publication of notice was made, even as required by the imperfect order, entered for that purpose.

Furthermore, the order of publication appointed the 5th Monday in August, ensuing, for those interested to appear, and show cause, why the accounts and vouchers of the administrator should not be allowed. The record does not shew that any step whatever was taken in the settlement on the day appointed—nor does any continuance appear to have been entered then, or on any subsequent day. There does not seem to have been an appearance of any party interested, at any time—and, without any other publication of notice, on the 7th September, 1842, more than two years afterwards, it is merely " ordered that the report and final settlement by John Steele, as administrator of the estate of Jeremiah Smith, deceased, be received," and that it be recorded, and filed as an office paper. [See the case of Douthitt's adm'r v. Douthitt, 1 Ala. Rep. N. S. 594, where the case cited from 7th Porter, is referred to and recognized.]

Let the decree of the orphans' court be reversed, and the case remanded.