# LEDYARD & HITCHCOCK *vs.* JOHNSTON ET ALS.

1. A creditor of an estate must exhaust all his legal remedies against the personal representative and his sureties, if solvent, before he can resort to a Court of Equity to subject the effects, which have passed into the hands of the distributees, to the payment of his demand.

2. Where the creditor has failed to exhaust his legal remedies against the personal representatives and his sureties, the circumstance that he filed his claim with the Judge of the Orphans' Court, who promised to give him notice of any objection that might be made to it and to defer the final settlement of the estate until he could have an opportunity to establish it, but who neglected to do either, cannot aid the jurisdiction of equity to subject the effects which have passed into the hands of the distributees.

Error to the Chancery Court of Clarke. Before the Hon. Jos. W. Lesesne, Chancellor.

The bill, which was filed by the plaintiffs against the defendants in error as legatees of Joseph Johnston, alleges that at the time of the testator's death, he was indebted to them in the sum of $195, and that after his death his executors contracted a debt with them for the benefit of the estate to the amount of $229, both of which demands were presented to

Ledvard & Hitchcock v. Johnston et als.

the said executors within eighteen months after grant of letters testamentary, and acknowledged by them to be just: that one of the executors died insolvent in 1841, and the other resigned his trust, and an administrator *de bonis non, cum testamento annexo*, was appointed and took possession of unadministered effects of the estate to the amount of $20,000 : that the claims of complainants were presented to said administrator also, and that he promised to enquire into their justice, and pay them if he found them to be correct : and that the claims were then filed, properly authenticated, with the Judge of the Orphans' Court of Clarke county, who promised complainants' counsel, that if upon final settlement of the estate objection should be made to them, he would continue the matter until the complainants had notice of the fact and were given an opportunity to establish them, but that said estate had been settled and distributed among the legatees by the said Judge, leaving the claims of complainants unprovided for and still unpaid. The bill prays for contribution from the legatees and general relief. The chancellor on the final hearing dismissed the bill, and to reverse his decree, this writ of error is sued out.

BLOUNT, for plaintiffs in error:

1. Has confidence been reposed and the complainants misled to their prejudice and injury? In cases of this and a like nature, a court of equity will interfere.—1 Story's Eq. 133, note, 208, 211, 212, 254, and note. 1st. The Judge of the County Court undertook to give " *notice and a term, if objections were made*"—although " he was satisfied of the truth and accuracy of the claim," and that " it was duly authenticated." Objection having been made, did he give the term and notice? Conceding that it might have been done innocently, are the rights of complainants concluded by this final settlement? In the language of Judge Story, " it would be to allow an act originating in innocence to operate ultimately as a fraud, by enabling the party who receives the benefit of the mistake to resist the claims of justice, under the shelter of a rule framed to promote it."—1 Story's Eq. 167, § 202; Chesterfield v. Jansen, 2 Vesey's Rep. 155, 6; 1st proposition of Lord Hardwicke. 2d. It seems a court of equity will relieve in a case

of mistake of law merely.—Hunt v. Ronsmanier, 8 Wheaton's Rep. 174; Fitzgerald v. Peck, 4 Lit. 127.

2. The complainants are without relief at law. The estate of Joseph Johnston has been settled, the administrator discharged, and the assets distributed. There is no legal representative of Joseph Johnston to *sue at law*. The complainants having no notice of final settlement, were without opportunity of introducing testimony, of taking exceptions on the record, and removing the same by writ of error to a higher court. This they were prevented from doing either by the fraud, accident, mistake or misrepresentation of the Judge who made the final settlement.

3. It is immaterial which of these grounds may have been the cause of injury to the complainants. The powers of the court of chancery are adequate to administer relief in either or all. Chancery will hold the defendants liable as trustees for the complainants to the amount of the debt due them, the property admitted to be received by them as legatees being the fund from which complainants should have been paid by decree of the Orphans' Court.—Thompson v. Brown, 4 Johns. Ch. Rep. 646; Coopwood v. Wallace, 12 Ala; Smith v. Caswell's repr. 2 Haywood's Rep. 285; Livingston v. Livingston, 3 Johns. Ch. Rep. 153; Riddle v. Mandeville, 5 Cranch. Rep. 322, 329, 230; 2 Story's equity 498, § 1251; 1 Story's Eq. 110 § 92 and note 1.

TAYLOR, for defendants.

COLLIER, C. J.—Where an administrator has wasted the estate of his intestate, *all legal remedies* should be exhausted against him and his sureties, if they or either of them are solvent, before a creditor will be permitted to come into a *court of equity* to subject the estate which had passed into the hands of the heirs and distributees.—Darrington, et al v. Borland, 3 Porter's Rep. 9; Pike v. Searcy, et al. 4 Porter's Rep. 52. These decisions rest upon the ground that the liability of the administrator is *primary*, and the sureties who stipulated for his faithfulness are chargeable with his default; that the liability of the heirs and distributees is secondary and contingent merely, depending upon the reception of part of the intestate's

estate by them, and the fact that the creditor has not lost his remedy against the administrator by neglect or other cause.

The cases cited are perhaps decisive of the present, and show that conceding to the bill all verity, the complainants are not entitled to the relief they seek. It is alleged that the complainant's claims were duly presented to the executor and executrix, who admitted that they were just and promised payment; that after their resignation, presentment was made to the administrator *de bonis non.* If these allegations be true, the plaintiffs may sue the administrator, *at law,* and it will be no answer to show the administration had been settled by the Orphans' Court and the assets distributed. It was the duty of the administrator, if the plaintiffs claims are just, to have paid them; if this had been done previous to the settlement of his accounts, he should have charged himself with a sufficient sum and retained it. Their due presentation makes the administrator liable, until payment or the statute of limitations bars a recovery.

The estate not being reported insolvent, in fact its solvency being distinctly alleged, the law did not require the claims to be filed in the Orphans' Court by the creditor; and the promise of the Judge of that court, to give him notice and time to meet any objections that might be made to them, can have no influence upon the bill as the case is now presented. Such an undertaking was rather *extra judicial,* than within the line of duty, and the failure to comply with it cannot assist the jurisdiction of equity, at least until it is shown that there is no *available remedy* against the administrator by suit at law.

Previous to the act of 1843, when an administrator proposed, or was required to settle his accounts, he produced his vouchers, most usually accompanied with an account current, to the Orphans' Court, where an account of his administration was stated, and notice given of the time when the same would be reported for allowance, that all persons interested might appear and contest it.—Legatees of Horn v. Grayson, 7 Port. Rep. 270; Douthitt's adm'r v. Douthitt, 1 Ala. Rep. 594; Taylor and wife v. Reese, 4 Ala. Rep. 121; Robinson and wife, et al. v. Steele, adm'r 5 Ala. Rep. 473. But since the passage of the act refered to, it is not necessary for the Judge of the Orphans' Court to state and audit the accounts previous to the

final settlement.—Steele v. Knox, 10 Ala. Rep. 608. It is, however, the duty of the administrator previous to settlement, to file an account between himself and the estate he represents, and at the time appointed in the order of publication " for said settlement to be made, or so soon thereafter as the same is regularly reached, the said Judge shall audit and examine said account and vouchers, and after hearing the exceptions and objections to the same, (if any are made,) and the evidence adduced, shall proceed to state the same, and ·render a decree thereon, which decree shall in all respects have the force and effect of a judgment at common law." Clay's Dig. 229, § 42. If the administrator takes no notice of a claim in his account, or no voucher in respect to it is filed by him, it is not for the Judge to make an addition to the account, unless he shall adjudge it to be proper after legal " exception and objection." But could a creditor object to the account, that a claim of which he had given notice to the administrator was not embraced, or should he not litigate it in another *forum* by a suit for its recovery ? It is needless to answer this question, for we have already seen that the plaintiffs upon their own showing have an adequate remedy at law against the administrator, and this is an answer to the relief prayed.

We will not stop to consider the answers and proofs—it is immaterial what may be our opinion upon these ; as the bill is wanting in equity it was rightfully dismissed, and the decree is consequently affirmed.