DAVID WINBORN *v.* JEREMIAH KING et al.

1. EXECUTOR AND ADMINISTRATOR: EFFECT OF FINAL SETTLEMENT MADE WITHOUT NOTICE.—A final settlement by an administrator, &c., is not conclusive as to the heirs, unless made on due notice to them; but it is not absolutely void if made without notice. In such a case it will be treated as a partial, or annual settlement, and as *prima facie* correct.
2. SAME: HOW NOTICE OF FINAL SETTLEMENT PROVEN.—Notice of a final settlement cannot be proven by parol: it must be shown by the record.

APPEAL from the Court of Probates of Pike county. Hon. George Nicholson, judge.

*John T. Lampkin,* for appellant.

*D. W. Hurst,* for appellee.

FISHER, J., delivered the opinion of the court.

The appellees filed their petition in the Probate Court of Pike county, alleging that they are the distributees of the estate of one Allin King, deceased; that the appellants having administered on the estate in January, 1834, made a pretended final settlement in 1843, without giving the proper notice to the appellees. The object of the petition is to compel a final settlement and distribution of the estate.

The answer sets up that, while it is true that the record fails to show notice to the parties interested, yet that notice was, in fact, given, and that the appellees were present, by their counsel, in court, when the settlement was made. The answer further avers that the amount due to the appellees, as shown by the final settlement, was paid to them, soon thereafter. Witnesses being examined, proved that the appellees were present, either in person, or by counsel, at the time the settlement was made.

Upon this state of the case, the court held the final settlement void, and required the administrators to state their accounts, &c.

After various proceedings, the court stated an account, finding the administrators indebted to the estate in about the sum of

$2900, and from the decree pronounced thereon, this appeal has been prosecuted.

A final settlement, to be conclusive upon the parties interested in the estate, and to have the effect of discharging the administrator, can only be made upon notice, such as the statute requires, and the record must show the notice. But the proceeding is not void, for all purposes. It has such force and effect as the law gives to *ex parte* settlements, or as they are usually called annual settlements.

The account, though offered as a final settlement, must receive from the court, at least as rigid an examination as the court is required to give to annual settlements; and this being the case, why should it not be treated as *prima facie* correct, as annual settlements are treated? Under this view, the court erred as to the principles upon which it ordered the account to be stated. The account settled in 1843, should have been treated as *prima facie* correct, as to all the items embraced therein, giving to the appellees the right to point out such errors as might exist. The court acted upon the principle that as the final settlement was not conclusive upon the parties, it was, therefore, void for all purposes. This was an erroneous view of the law. The parties are now seeking a final settlement, and what was done in 1843, was either a final or annual settlement, and if it could not operate as a final settlement, it could not be pleaded, in bar of the petition, as such, by the administrators, because they were not discharged. But why could it not operate as an annual settlement, and have such force as an annual settlement would have if there had never been an effort to notice a final settlement? The account had to be sustained by vouchers or other proof, in the same manner that annual settlements are sustained, and, upon this showing, the court pronounced a judgment, and the question is, what effect shall be given to the judgment? The answer is, such as the law gives to all judgments of the Probate Court, in similar cases: that is, that the judgment shall not be conclusive upon the rights of the parties, but it shall be *prima facie* correct. .

The account, therefore, stated by the court is incorrect, as nothing appears showing the account of 1843 to be incorrect.

Decree reversed, and cause remanded, to be proceeded in according to this opinion.