IDA B. MEAD ET AL., Appellants, v. ARTHUR T. BAKE-
WELL, Respondent.

April 13, 1880.

1. An entry of satisfaction and a decree discharging a guardian, made without
   an examination of his account and without the required notice having
   been given, is void, and may be set aside at any time.
2. Where a guardian is discharged upon filing an acknowledgment of satisfac-
   tion, the ward may, within a reasonable time, move to set the same aside,
   though after her majority she had appeared to enter satisfaction.
3. An appearance of the ward for the purpose of entering satisfaction is not
   an appearance to the settlement, and is not a waiver of notice.

APPEAL from the St. Louis Circuit Court.

*Reversed and remanded.*

DAVID GOLDSMITH, for the appellants: The settlement
was void, because no exhibit of the account was filed and no
notice was given.—Wag. Stats. 66, sects. 48, 50; *The State*
v. *Hoster*, 61 Mo. 544; *Winborn* v. *King*, 35 Miss. 157;
*Robinson* v. *Steele*, 5 Ala. 473; *Willis* v. *Willis*, 16 Ala.
656. The appearance of the ward in this case was not a
waiver of notice. — *Jacobs* v. *Fouse*, 23 Minn. 51; *Scott* v.
*Hull*, 14 Ind. 136; *Anderson* v. *Brown*, 9 Mo. 638; *Smith*
v. *Rollins*, 25 Mo. 408; *Wade* v. *Lobdell*, 4 Cush. 510.

FINKELNBURG & RASSIEUR, for the respondent, cited:
*Presbyterian Church* v. *McIlhenney*, 61 Mo. 540.

BAKEWELL, J., delivered the opinion of the court.

On January 18, 1877, the following entry was made
on the record of proceedings in the Probate Court of St.
Louis: —

"Curatorship of Ida B. Fell — Settlement, Ward 18, and
satisfaction.

" Now comes Arthur T. Bakewell, curator of Ida B. Fell,
and states that his said ward has lately attained the age of
eighteen years, and exhibits a settlement of his account as
curator, duly verified by affidavit, up to the time of his said

ward's majority, upon examination whereof the court finds said account duly balanced, and no balance for or against said curator or said ward. And thereupon also comes said Ida B. Fell, and acknowledges in open court full and entire payment and satisfaction of all moneys or property whatsoever due or coming to her from said Arthur T. Bakewell as her curator.''

On January 18, 1878, Ida B. Fell, together with John A. Mead, her husband, moved the Probate Court to set aside the settlement, acknowledgment, and entry, for error and irregularity, on the ground that Ida B. Fell was married at the date of the entry, and received no notice, and did not acknowledge satisfaction; and because the settlement was not made in conformity with the statutory requirements as to notice, etc. ; and because there is no provision of law for any such entry of satisfaction ; and because said Ida had not received, and had not since received, all moneys coming to her from her said guardian.

This motion was overruled, and Mead and his wife appealed to the Circuit Court.

At the trial in the Circuit Court it appeared that, at the date of the entry, Ida B. Fell was already married to John A. Mead ; that Bakewell did not know this fact ;· and that, owing to the parties being of a different religion, a second marriage ceremony was performed on February 13, 1877. Bakewell had never given notice, or filed his accounts according to the provisions of the statute for final settlements of guardians. Appellants further offered to prove that Ida had not received from her guardian what was properly coming to her at the date of·the entry or since, and that the entry was untrue. This offer was rejected by the trial court, on the ground that the settlement in question was a final settlement and judgment, which could only be set aside by a proceeding for that purpose in equity ; and the trial court sustained the action of the Probate Court, and overruled the motion to set aside the settlement.

1. At the date of the revision of 1855, the only provision of the statutes concerning the discharge of the guardian of a resident minor was that contained in the first part of sect. 47 of the act as found in Wagner's Statutes of 1872, p. 681.

This provision is to the effect that wards, having received their property from the guardian, shall, at the expiration of the guardianship, acknowledge satisfaction of record in the Probate Court; and that if, after due notice, this is not done, the court shall enter the discharge and give the guardian a certificate.

In the revision of 1865 additional provisions are found, which remain unchanged, and are to be found (sects. 47–50 of the Guardian Act) in Wagner's Statutes of 1872.

The original provision was amended by a proviso that the court shall not enter the satisfaction therein spoken of until the guardian exhibit the written statement of the ward acknowledging the receipt of all due from the guardian, to be signed by the ward, and if a female ward married, by her husband, and to be acknowledged as in case of deeds.

The additional sections provide: Sect. 48. That when any guardian shall cease to be such, by reason of majority or marriage of his ward, or otherwise, and shall be entitled to his discharge, he must file an exhibit of his account for the purpose of final setttlement, and then give notice of his intention to apply for leave to make settlement and for his discharge. This notice must state time of making application, and must be published as the act provides. Sect. 49. The exhibit must remain on file, for examination of all persons interested, for three months. Sect. 50. At the first term after the expiration of these three months, on proof of notice, the court may hear the application for discharge, and grant or refuse the same; but on such hearing the court must carefully examine the account exhibited for the purpose of final settlement, to correct all errors therein, and proceed to make a final settlement with the guardian on the

basis of the exhibited accounts. From this settlement an appeal may be taken.

After careful consideration of these provisions, of the written and oral arguments of counsel, and of the written opinion of the learned judge of the trial court, submitted for our consideration with their brief by counsel for respondent, we are of opinion that the Probate Court has, under the law, no power to enter of record a discharge of the guardian until there has been an examination of his account, filed as provided by sects. 48–50, and also a receipt from the ward, if living, for the balance found due, or a failure, after notice, to give such receipt. The different sections must be taken together, and made to stand together, if that can be done. And we do not see that they are necessarily inconsistent. The obvious meaning of the later sections is to guard against a settlement made between the guardian and the late minor without the intervention of the Probate Court, and a discharge of the guardian by his late ward on such settlement working a legal discharge of the guardian and his sureties.

The guardian has such a relation to his ward that it is commonly the case that a settlement made between the inexperienced ward and the one who occupied the position of a parent would be made under influences which must make such a settlement of accounts and receipt very unsatisfactory as evidence that there had been any rigid examination into the manner in which the trust imposed had been fulfilled. It is the duty of the guardian not to invite the ward to the act of executing a release without a just accounting and full settlement, and the disclosure of every fact necessary to inform the ward, and to see that the act of release is of the unbiased will of the ward ; and however true it may be that the ward, when of age, may waive her legal rights, and, if *sui juris* and removed from undue influence, may grant to him a release which would be good, and which the courts

would be bound to respect, it is quite certain that a settlement by the guardian with his ward *in pais*, without the aid of the Probate Court, soon after the ward comes of age, is to be regarded with the strictest scrutiny. *Wade* v. *Lobdell*, 4 Cush. 510. And we think that the statute authorizes the entry of a discharge upon record only upon final settlement made with notice, and after the accounts have been duly filed for inspection and have been passed upon by the Probate Court.

The female married ward may acknowledge satisfaction in the Probate Court, and indeed she is expressly required by statute to do so ; but this can only be in case she has received satisfaction ; and it is made the special duty of the Probate Court to see that satisfaction has really been received, that the accounts have remained on file for three months for examination by the sureties and others who may be interested in the management of the estate, that notice has been given to the world, and that the account filed is correct. Then, and then only, can the court grant a discharge or accept the acknowledgment of satisfaction in open court by the ward, or direct an entry of discharge upon the exhibition of the ward's receipt.

Nor does it appear how there can be any entry of satisfaction until there is something to satisfy, or how there can be anything to satisfy until there is a final judgment, or how this can be without a final settlement. That a settlement made without complying with the provisions of the statute is no final settlement, and that no judgment can be entered on it, is clear, both from reason and authority. *The State to use* v. *Hoster*, 61 Mo. 544.

It is undoubtedly the duty of the Probate Court to require a final accounting before that court in accordance with the provisions of the statute. One who has come of age may, of course, receive the money due him and receipt to his guardian for it without an accounting with the Probate

Court or otherwise.  And if, several years after becoming of age, being *sui juris*, the ward does so, and thus waives the provisions of the statute made for his benefit, we do not say that he could afterwards insist upon them ; or that in such case the guardian should be required, having a discharge the fairness of which is unimpeached, to state on the records the items of an account settled and discharged.  But the case before us was not such a case, and the settlement made without compliance with the statute did not relieve the Probate Court of its duty of requiring a final settlement at the instance of the ward, the application being made so soon after her majority and the discharge having been given as soon as she attained it.

2. We have no doubt of the power of the Probate Court to vacate the entry.  Any court, whether of common-law jurisdiction or of limited statutory power, may, on proper application, vacate any void order or judgment at any time. The final settlement of an administrator or guardian without notice is at best a partial or annual settlement, and must be treated as such.  The decree made without notice was void. The object of the law of notice is manifest.  The records of the Probate Court should show that the requisitions of the act have been complied with. —*Laird* v. *Reese*, 43 Ala. 149 ; *Dicks* v. *Hatch*, 10 Iowa, 380 ; *Winborn* v. *King*, 35 Miss. 157 ; 5 Ala. 473 ; *Picot* v. *O'Fallon*, 35 Mo. 29.

The want of notice may, it is true, be waived by a voluntary appearance in court.  How far this doctrine might be applicable to the case of a guardian's settlement we do not inquire.  It is not every mere presence in court that constitutes such an appearance as will be a waiver of process or of notice.  There was not, in the present case, any appearance to the settlement, but merely an appearance by the ward, after the settlement, for the purpose of acknowledging satisfaction in open court of all moneys coming to her from Bakewell as her curator.  We think that the provisions of

the statute are jurisdictional, and that, where no notice has been published as required by law, the Probate Court has no power to finally allow a guardian's account, to enter satisfaction of it, and to decree a discharge of the guardian. — *Jacobs* v. *Fouse*, 23 Minn. 54.

The judgment of the Circuit Court is reversed and the cause remanded. Judge HAYDEN concurs; Judge LEWIS is absent.