### TEAT *vs.* LEE, adm'r.

1. In distributing an estate, where parties in interest will not, or are incapable of consenting to an adjustment, the administrator should obtain permission to sell so much of the estate, as will enable him to make an equal division.

2. The statute (Aik. Dig. 155,) delegates power to the judge of the County court, where the parties cannot agree, to ascertain, by testimony, th: value of property brought into hotchpot, as a judicial officer; or to cause a jury to be impanneled for that purpose. It is error, therefore, for commissioners to make the valuation, or for the court to confer authority to that effect.

3. The law no where authorises the rendition of decrees, and the award of execution thereon against distributees, for balances against them on distribution.

Error to the County court of Lowndes.

Decree for equalising distribution.

In this case, the Orphan's court appointed commissioners to divide the personal property—the estate being clear of debt. They were ordered to value advancements under the law of hotchpot. The commissioners divided the estate, and charged the plaintiff with seven hundred and ninety-two dollars, and seventy cents, to be paid to the administrator, for the purpose of making the shares of the other heirs equal to that of plaintiff.

Upon this report, judgment was rendered in favor of the administrator for that amount, and execution ordered. There was no final settlement or division of the estate.

Plaintiff in error assigned—

1. The court had no power to appoint commissioners to divide the estate brought into hotchpot. The commissioners could not value the advancements.

2. The division of the estate ought not to have been sanctioned by the court, because it did not make an equal distribution of the effects.

3. There was error in charging the plaintiff in error with the sum of money specified, in favor of the other heirs, to make them equal.

4. There was error in rendering judgment and execution for the sum specified, against plaintiff in error, and in favor of defendant; and also for charging plaintiff in error with costs.

*Cook*, for plaintiff in error.

COLLIER, C. J.—Three points have been made upon the record, in this case.

First—It is insisted that the Orphan's court should not have approved of the division and distribution of the estate of the defendant's intestate, because it is unequal.

Second—That the advancements of the distributees brought into *hotchpot*, have not been valued in the manner the law directs.

Third—There is no law which authorised the rendition of a final decree and award of execution against the plaintiff, as one of the distributees, for an excess of intestate's estate (beyond his share) received on the distribution.

1. We are not aware of any law which would coerce a distributee to receive a larger portion in value of his intestate's estate than his distributive share, and thus become chargeable to the administrator for the excess. In distributing an estate, consisting of slaves and other per-

sonal property, it is difficult so to equalise a division, that none of the distributees shall be better provided for than the others. To prevent all controversy, in such a case, where the parties in interest either will not, or are incapable of consenting to an adjustment, the only legal course seems to be, for the administrator to obtain permission to sell so much of the estate as will enable him to make an equitable division—(Aik. Dig. s. 12, p. 155.)

2. By the second section of the act of eighteen hundred and twenty-eight, entitled " an act concerning the estates of deceased persons," it is enacted, that " when one or more of the heirs of any deceased intestate, shall have received property of the ancestor in his life time, and shall wish to bring the same into hotchpot, and the parties cannot agree as to the value of such property, the same shall be ascertained by testimony, and affixed by the judge of the County court of the county, where letters testamentary or of administration shall have been granted ; and it shall be his duty to do so, on the application of any person concerned in interest, on due notice to the other persons interested ; and the said judge may, at his discretion, empannel a jury to assess the value of the property in question ; and on the application of either party for a jury, it shall be the duty of the judge to cause the same to be empanneled ; and in all cases, the value of the property at the time it was delivered, shall be fixed by said judge or jury, as the case may be ; and the value so fixed, or the value agreed upon by the parties, shall be deducted from the share of such heir or heirs" —(Aik. Dig. s. 16, p. 155, 156.)

In the case before us, we are informed by the record,

that four of the five commissioners appointed by the Orphan's court, to divide and distribute the personal estate of the defendant's intestate, ascertained the value of the advancements of the several distributees brought into hotchpot. In doing this, it is conceived that the commissioners transcended the legal duties of their office, not the less, because, the court appointing them, undertook to confer such an authority. The statute, *itself,* delegates the power to the judge of the "County court," as a judicial officer, and does not authorise him to substitute others to act in his stead, except so far as it permits him, in his discretion, to cause a jury to be impanneled. In departing, then, from the course of procedure prescribed by the law, we think there is error in the proceedings of the Orphan's court.

3. In rendering a decree, and directing the issuance of an execution against the plaintiff, the Orphan's court exceeded its authority, for the law is entirely silent in such a case. The act of eighteen hundred and thirty, " to extend the powers of the County and Orphan's court in certain cases, and for other purposes," declares, that " all decrees made by the Orphan's court, on final settlements on the accounts of executors, administrators and guardians, shall have the force and effect of judgments at law, and executions may issue thereon, for the collection of the several distributive amounts, against such executor, administrator or guardian—(Aik. Dig. s. 37, p. 252.) This act, it is clear, does not extend to authorise the rendition of decrees and the award of executions thereupon, against distributees for balances against them on distribution; yet, it is the only statute which affords the semblance of aid, to legalise the proceeding before us.

In every view in which the case has presented itself to us, we think the decree of the Orphan's court is erroneous, and it is therefore reversed.