## TAYLOR AND WIFE et als. v. REESE, Adm'r.

1. The Commissioners have no power to ascertain the value of property brought into *hotch pot*; such value must be ascertained by the Judge of the County Court, or by a jury under his directions.

2. A return made by the Commissioners, received by the Court, and ordered to be recorded, will be presumed to be correct until the contrary is shewn.

3. A child who has been advanced by the parent in his lifetime, refusing to bring such advancement into *hotch pot*, thereby relinquishes all his interest as distributee of the estate.

4. An administrator wishing to make final settlement should present his accounts to the Judge of the County Court, whose duty it is to audit and state them, and report them for allowance at a succeeding term, at least forty days notice being given.

5. Minors should have guardians appointed to protect their interests at the settlement.

Error to the Orphans' Court of Lowndes.

On final settlement and distribution of the estate of Edward Lassiter, deceased, by the defendant in error as administrator.

The defendant made known to the Court that the estate of his decedent was not indebted so as to prevent a division of the negro property among the widow and heirs, who are described, four of the latter being minors. Thereupon the Court appointed Commissioners to divide the slaves in the following manner:

There being more than four children, and the widow being entitled to a fifth part, the Commissioners are directed to divide the slaves into five equal parts, as near as can be, including the amount or value of such property, as may have been given off to any of the heirs, by the decedent in his lifetime, the value to be ascertained by what it was worth at the time of delivery, which value is to be added to the amount or value of the negroes now on hand. One fifth part of which is by lot to be awarded to the widow.

The Commissioners will then throw the remaining four shares into one common stock and divide the same into six equal shares, as near as may be, adding in the negroes or their value

given to any of the children in the decedent's life time, and ascertain by lot to which each share belongs.

Any heir who may refuse to bring the negroes advanced to him by the decedent into hotch pot, his interest in the division to be dropped, and the slaves to be divided among the residue.

The Commissioners proceeded to make division of the slaves among the widow and heirs, and returned the same to the Court, which ordered it to be recorded. The share allotted to the widow is thus stated:

Now at this Court, the Commissioners appointed by this Court, to make division of the negro property of the estate of Edward Lassiter, between the several heirs at law of the deceased, came into Court and returned the lot drawn by Clarissa Lassiter, whereupon it is ordered by the Court, that the Clerk enter upon record in his inventory book said lot, drawn by Clarissa Lassiter.

At the September term, 1841, of the Court, the administrator applied for a final settlement of the estate, whereupon the Court set apart the first Monday in November after, and directed publication to be made.

At the November term the administrator produced his accounts for final settlement, which were ordered to be recorded, and thereupon the Court proceeded to make a final settlement of the estate, ascertaining the amount in the hands of the administrator subject to distribution, and decreeing the respective shares to each of the heirs, none appearing to be decreed to the widow. It does not appear that the heirs were present or that the minors were represented by their guardians.

From this judgment the heirs presecute this writ, and assign for error—

1. The Court erred in authorizing the Commissioners to ascertain the value of the slaves brought into hotch pot, and in disinheriting such of the heirs as would not bring their advancement into hotch pot.

2. It does not appear that the widow had one fifth part allotted to her.

3. The administrator did not file his accounts previous to final settlement.

4. The Court erred in receiving the accounts of the administrator on the day appointed for final settlement.

5. No notice was given of final settlement after accounts filed.

6. The minors were not represented at the final settlement.

7. No share was set apart for the widow at the final settlement.

8. The administrator was not entitled to his discharge.

COOK, for the plaintiff in error, cited 4th Porter, 332; 7 ib. 270; 8 ib. 507.

ORMOND, J.—In the case of Teat v. Lee, [8 Porter, 507,) this Court held that Commissioners appointed by the Orphans' Court to make division of property, had no power to ascertain the value of property brought into *hotch pot*, but that the value must be ascertained by the Judge of the County Court himself, or by a jury empannelled by him for that purpose. In this case the value of the property appears to have been ascertained by the Commissioners, by direction of the County Court. No other construction can be put upon the order of the County Court, as it is evident that the value of the property was not ascertained when the order was made, and the ascertainment of such value was a prerequisite to to the division.

A child having received from the parent an estate by way of advancement, may refuse to bring such advancement into *hotch pot*, but the result of such refusal must be that the child relinquishes all share or interest in the estate of his parent as a distributee of the estate. This results from the reason of the thing, and is the evident meaning of the 15th section of the act on this subject. [Aik. Dig. 155.]

The objection that it does not appear that the one-fifth part of the slaves was allotted to the widow cannot be sustained. The record shows that the lot drawn by the widow was returned into Court, received by it, and ordered to be recorded. If less than one-fifth part, as the order of the Court directed, was allotted to her, objection should have been made and the facts spread upon the record, to enable this Court to determine the fact.

The remaining assignments of error relate to the final settlement of the administrator.

When an executor or administrator desires to make final settlement, he should present his accounts to the Judge of the County Court, whose duty it is to *audit and state them*, and report them for allowance at a succeeding term of the Orphans' Court, of which at least forty days notice must be given. The object of the law is, that those interested may have time and opportunity to examine the account and come prepared to contest it.

Nothing of this kind was done in this case, and the accounts were not produced until the day of final settlement. [7 Porter, 270.]

Nor does the record show that any of the distributees were present, or that the Minors had guardians to protect their interests.

No decree appears to have been rendered for the distributive share of the widow, or any cause assigned for its omission.

The division and final settlement must therefore be reversed and the cause remanded for further proceedings.