# BLACKWELL, Adm'rx v. VASTBINDER.

1. A citation to an administratrix, which calls her " to make a showing of how and in what manner she has administered and disposed of the estate of the deceased, will not authorize the judge of the county court, on her failing to appear, to make a final settlement of the estate.

2. When an administrator is cited for final settlement, and fails to appear, no final judgment can be rendered at the return of the citation; but the judge should proceed and state the account, and cause notice to be given him that unless he appeared at the next term of the court, and filed his accounts and vouchers for settlement, the account so stated would be reported for allowance.

3. A decree for the wife's distributive share must be rendered in favor of husband and wife.

ERROR to the County Court of Washington.

This was a proceeding by the defendant in error against the plaintiff in error, for a settlement of the estate of the defendant's wife's father.

The petition of the defendant in error to the Judge of Washington county court, is as follows:   The petition of William G. Vastbinder, of the county of Baldwin, sheweth, that by a recent marriage with one of the heirs of Nathan Blackwell, dec'd, he has become interested in the final settlement of said estate. That the said Blackwell died intestate, seized of an estate in Washington county, on or about the year 1808—that Priscilla Blackwell, wife of said Nathan, became administratrix of said estate—that the court house and clerk's office of Washington county, was during this administration destroyed by fire, so that all the papers relative to said administration were destroyed—that James and David Blackwell, sons of the deceased, have been managing the estate much to the prejudice of the other heirs—that since his marriage, petitioner has frequently requested a settlement of the estate, both from the administratrix and her sons, which they refuse to make, and prays that the administratrix may be brought before the court, and compelled to account, &c.

Upon this petition, a citation issued to the administratrix, and was executed as follows: "You are hereby commanded to make known unto Priscilla Blackwell, administratrix of Nathan Blackwell, dec'd, if to be found in your county, that she is hereby required to appear before the Honorable the Judge of Washington county court, on the 3d Monday of July next, and then and there make a shewing, of how and in what manner, she has administered and disposed of the estate of said deceased. And further, to do and perform the orders and decrees of said court."

The administratrix failed to appear, and at the July term the Judge proceeded to a final settlement of the estate, taking as the

basis of the settlement, a paper found among the records of the office, which purported to be an inventory of the personal property of the deceased, amounting to the sum of $1,435 25, and rendered a judgment in favor of the defendant in error, against the administratrix, for one fifth part thereof, with interest from the 5th October, 1807.

From this decree, this writ is now prosecuted. The assignments of error are, 1. The court of Washington had no jurisdiction.

2. The citation was illegal, informal, and insufficient.

3. There was no proof of any liability on the part of the plaintiff in error.

4. The court erred in rendering judgment in favor of one distributee, without including the others.

5. In not giving the notice required by law.

6. In rendering judgment in favor of the defendant in error, without including his wife.

LESLIE, for plaintiff in error, cited 3 Ala. Rep. 670; 4 id. 632; 4 Porter, 332; Clay's Dig. 226, § 28; id. 223, § 11; id. 304, § 42, 44; 1 Ala. Rep, 594.

ORMOND, J.—In Taliaferro v. Bassett and others, [3 Ala. Rep. 670,] it was held by this court, that the orphan's court had no power to cite an administrator to a settlement, unless appointed by the court issuing the citation, and that the jurisdiction of the court must appear upon the record    In this case. it might perhaps be inferred, in support of the judgment below, from some parts of the record, that the plaintiff in error derived her appointment from the county court of Washington, but as the case must be remanded on other grounds, when the petition may be amended, by alledging expressly that such was the fact, we forbear going into this inquiry.

The citation which issued to the administratrix was clearly insufficient to authorize the Judge of the county court to proceed and make a final settlement of the estate in her absence. The citation does not inform her that a final settlement is to be made, and require her to file her accounts and vouchers, but she is required "to make a showing of how, and in what manner, she has

administered and disposed of the estate of the deceased," but for what purpose this scrutiny is demanded, she is not informed.

If this difficulty could be surmounted, all the subsequent proceedings are wholly irregular. It was the duty of the Judge of the county court upon the failure of the administratrix to appear in obedience to the citation, to proceed and state the account, and cause notice to be given to her, that unless she appeared at the next term of the orphans' court and filed her accounts and vouchers for settlement, the account so stated would be reported for allowance. [Clay's Dig. 230, § 48.] Instead of which, the Judge proceeded from the evidence before him, to render final judgment against the administratrix at the return term of the citation.

There is error also, in the judgment, which should have been rendered in favor of the wife as well as the husband.

Let the judgment be reversed, and the cause be remanded for further proceedings.