## PARKS v. STONUM.

1. The rendition of a decree by the Orphans' Court, for the distributive share of the wife, in the name of the husband alone, is a clerical *misprision*, and may be amended; it is not an error of which he can complain.
2. Where infants are cited and do not appear, it is not error to render a decree without the appointment of a guardian *ad litem*.
3. When the record states, "that the exhibits and accounts, were ordered to be recorded, and spread upon the minutes of the Court, and reported for allowance," at a particular day, more than forty days afterwards, it is equivalent to stating that the accounts were examined and audited.
4. When the Orphans' Court of Conecuh directed notice to be published of the time of the settlement for six weeks, in a paper in Mobile, it is sufficient if the first publication is made as soon after the Court as might be.

Writ of Error to the County Court of Conecuh.

THE writ of error is sued out by those ascertained, by the final decree, to be entitled to distribution of the estate of Joseph Stonum, deceased, against George Stonum, the executor of said Joseph, to revise the proceedings had in said Court, on the matters of the estate, at, and previous to, the final settlement.

So much of the record as is material to the understanding of the errors assigned will be recited.

Letters testamentary were granted to George Stonum, on the 18th of April, 1836, and some time afterwards, (when, does not

appear from the transcript,) he was appointed guardian to Seaborn, George, Sylvia, John, Henry, and Bryan, minor heirs of the said Joseph.

On the 11th of June, 1838, the executor presented an account, charging himself with the sum of $2,386, on account of notes belonging to his testator, as his part of the uncollected notes of the firm of Geo. & J. D. Stonum, as well as for some other items of personal property; also, two other accounts, showing assets to the amount of $7,365.

The Court ordered that the account should be received and spread on its records, and reported for allowance on the first Monday in August then next. Also, that notice according to law be given of the same. By a subsequent order, the date of which does not appear, this account was allowed, the necessary notice, as the record recites, having been given.

On the 3d of September, 1842, the executor, in compliance with an order previously made, (at whose instance, or when, does not appear,) appeared and presented his exhibits, accounts, and vouchers, for a final settlement of the estate. The vouchers were received and ordered to be filed in the clerk's office, and the exhibits and account ordered to be received and spread on the minutes of the Court, and reported for allowance at the regular return-term of the Court, on the third Monday of October then next. The account thus reported for allowance, seems to be a full account of the estate, and ascertains the sum of $34,956 19, to be due from the executor, and divisible between six heirs, who are not named, making the share of each $5,826 03, due on the 1st January, 1839.

At the regular return term, held on the 17th of October, 1842, the executor came and made his application for a final settlement.

It appeared to the satisfaction of the Court, that the notice for the final settlement had been published for six weeks in the Mobile Advertiser, requiring all persons interested in said estate to appear at the time fixed for the final settlement, and except, plead, or demur to said exhibit, and no person appearing to except, plead, or demur to said exhibit, it was therefore ordered that the said exhibit be allowed to, &c., and that the same be held and taken as a final settlement. The Court then proceeded to ascertain that the executor was indebted to the several heirs of the

95

said estate in the following manner, to wit: John Crittenden, in right of his wife, formerly Caroline E. Stonum, heir of the said Joseph D. for $5,826 03; in favor of George D. Stonum, another heir for the same sum; in favor of Henry B. Stonum, another heir, for the same sum; in favor of Joseph Stonum, another heir, for the same sum; in favor of Martha Stonum, another heir, for the same sum; and in favor of George Stonum, another heir, for the same sum; making the aggregate of the sum to be distributed. The Court then proceeded to render judgment in favor of Crittenden, in right of his wife, and in favor of said heirs, in the name of their next friend and guardian John Crittenden for the several sums so ascertained.

Afterwards, on the 25th May, 1843, the executor was appointed guardian to George D. and on the 2d of November, 1843, he presented his accounts as guardian of George D., Martha, John, Henry B. and Joseph D. the said minor heirs of Joseph D., and charged himself in that character with their several distributive shares, with interest from the 1st January, 1839. Afterwards, on the 13th February, 1844, he presented an account of his guardianship of Martha D., and exhibited the receipt of Isaac C. Parks, purporting to be in right of his wife, the said Martha.

At the same time he exhibited an account current between himself and Crittenden and wife, showing a payment of the entire sum due them.

The writ of error is sued out in the names of the minors, they suing by their next friend, Isaac C. Parks; and Parks, in right of his wife, as well as Crittenden, are made parties.

The errors assigned are these—

1. In rendering judgment for Crittenden, in right of his wife.

2. In proceeding to final settlement without the appointment of a guardian, *ad litem*, for the minor distributees.

3. In not having audited and examined the account of 11th June, 1838.

4. In allowing that account, no notice having been given.

5. In not having audited and examined the account for final settlement.

6. In allowing the account—the notice required by law not having been given.

7. In rendering the order, or decree, for final settlement.

LESLIE, for the plaintiffs in error, cited the following cases—On the first assignment, Blackwell v. Vastbinder, 6 Ala. Rep. 218. As to the 2d, 4 Ala. Rep. 121—3d and 5th, Clay's Dig. 226, § 27. As to the 4th and 7th, Ib. 226, § 27.

No counsel appeared for defendant in error.

GOLDTHWAITE, J.—The circumstance that the judgment for the distributive share of Mrs. Crittenden, was rendered in favor of the husband, in right of his wife, is not an error of which he will be heard to complain, as it is a matter which results to his benefit, if it has really any effect whatever, and because it was induced by his own action. It is possible the executor might complain of this as an irregular judgment, as was the case in Blackwell v. Vastbinder, 6 Ala. Rep. 218, but even if the complaint was by him, the error would be considered as a clerical misprision, and corrected so as to render it in favor of husband and wife.

2. It is also urged as a reason for reversal, that the settlement was made against infants, and that no guardian *ad litem* was appointed to protect their interests. This would be an error, if the infants had appeared previous to the decree of final settlement, and for the purpose of contesting it, (Taylor v. Reese, 4 Ala. Rep. 121,) but the record recites that no one appeared to contest the account reported for allowance, and the consequence is, that it cannot now be set aside, if the proceedings of publication and auditing have been in conformity with the statute. The judgment rendered in favor of the distributees seems to have been pronounced after the final settlement, and was entirely within the jurisdiction of the Court, if the executor was cited, or assented to the judgment. See Graham v. Abercrombie, at this term.

3. It is said however, that the proceedings preparatory to the final settlement, are not in accordance with the statute, and previous decisions of this Court, inasmuch as the account was not examined and stated for allowance by the Judge of the County Court. The act which governs these proceedings, is that to be found in Aikin's Dig. 183, § 27, and provides that the Judge of the County Court, after examining and auditing the accounts presented by the executor, &c. and causing them to be properly stated, " shall report the same for allowance to the next term of the

Orphans Court," the executor, &c. giving at least forty days notice of his intention of having such account presented to the said Court for allowance at such term. In Horn v. Grayson, 7 Porter, 270, we say, "If an executor, &c. wishes to settle his accounts, the law makes it his duty to present his vouchers to the Judge of the County Court, who is to hear, examine and state them, and report them for allowance. The object of the law is manifest. The account is to be stated—that all persons interested in it may examine it, and prepare, if necessary to contest it." Again, in Douthitt v. Douthitt, 1 Ala. Rep. 594, we say, "the Judge should have caused the account of the administrator, so far as it seems to be properly vouched to be stated at length and in form, that the true condition of the estate might be seen at one view. This being done, the account would be open to exception, in the same manner that the report of a Master in Chancery is; hence the publication should give notice of the time when the Judge of the County Court would report the account for allowance. And upon publication being duly made, and no exception taken or allowed, the account as stated should be allowed." In the present case, the record does not state that the Judge examined and audited the accounts, in the precise terms of the act, but the exhibits and accounts were ordered to be received and spread upon the minutes of the Court and reported for allowance at a particular day, more than forty days afterwards. We think this must be considered as equivalent to stating that the accounts were examined and audited, for otherwise there is no reason, either for the order to place the account on the minutes or to report it for allowance.

Our conclusion on this point is, that the record shows substantially a compliance with the statute, and therefore there is no error in this particular.

4. It is further objected, that the allowance of this account was irregular, because the notice prescribed by law was not given. The order for publication was made on the 3d September, and directed to be published for six weeks in the Mobile Advertiser. The settlement was to be had on the 17th of October. Conceding that it would take more than a day for the advertisement to pass from Conecuh to Mobile, this circumstance will not affect the order, as even then more than forty days notice might be·

given, and all that could be required under the order was to publish it as soon after the Court as might be.

5. With respect to the accounts supposed to be allowed on the 11th June, 1839, it may be said, that even if there was a manifest error in this, we do not see how it can be re-examined after a valid final settlement. But the effect of that account seems to be entirely misconceived; it is not an attempt to charge the estate, but is a return by the adminstrator of certain assets belonging to it, which have come to his hands, and its allowance or disallowance could produce no conclusive effect upon the final settlement of the estate.

On a review of the whole transcript, we can perceive no error which injuriously affects the parties now complaining, and therefore the judgment is affirmed.