## SANKEY'S EX'RS v. ELSBERRY.

1. When a citation to an executor to distribute, &c. runs in the name of the husband alone, in right of his wife, and the decree is properly made in the names of husband and wife, the informality of the citation cannot be taken advantage of on error, when there was no exception taken in the court below.

2. It is competent for the orphans' court, on the application of a legatee to make a partial distribution of the estate, although the final settlement is continued over upon the application of the executors.

Writ of error to the Orphans' Court of Montgomery.

In the matter of the distribution and settlement of the estate of John S. Sankey, deceased. The first order which appears in the transcript of the cause is made " on the application of John Elsberry, in right of his wife, Patience, formerly widow of John S. Sankey, deceased, and is, that publication be made for six weeks, requiring James C. Sankey and J. B. Stephens, executors of that estate, to appear and show cause why final settlement and distribution of the estate should not be made. There was at this time also, an order for citation to the executors.

On the 15th February, 1843, the time fixed by the preceding orders, the executors appeared, and on their application, the final settlement was continued to another day, but a decree was rendered, that they should deliver to Elsberry and his wife Patience, certain slaves, viz : Bob, Maria and children, agreeable to the provisions of the will of the deceased, upon said Elsberry executing a refunding bond. By the will of the deceased, those slaves are given to the testator's wife, (afterwards Mrs. Elsberry,) together with one half of the rents and profits of his lands, until sold by his executors.

. No subsequent proceedings were had on this application, as the final settlement, thus continued to the 23d February, was not further acted upon, but afterwards, on the 17th July, of the same year, new proceedings were instituted by Elsberry, in the same right, which were so prosecuted that a final decree was rendered on the 30th October, 1843, Mrs. Elsberry having died in the meantime, and the husband being made a party, as the administrator of his wife. In this final decree, the court assumes that the title to the slaves previously decreed to be distributed, vested by that decree in Elsberry, and distributes the remainder of the assets to the legatees, under the will, directing the portion of Mrs. Elsberry, to be paid to her children, as succeeding to her rights.

It is now assigned as error—

1. That the wife of Elsberry was not a party to the application for distribution.

2. That the executors were not notified of the application by Elsberry for the distribution of the legacy, and were not in court, or heard by the court, on the order then made.

3. That the other legatees of the testator were not parties, or represented in that proceeding.

4. That a partial distribution was made, pending the final decision and settlement of the estate.

J. A. ELMORE and N. COOK, for the plaintiff in error, made the following points :

1. The error complained of is in a proceeding to which these are the only parties, and although the same error is assigned and decided between other parties, the point can be again assigned when the parties are changed. [Ex'rs of Sankey v. Sankey's Heirs, 6 Ala. Rep. 607 ; Harrison, *ex parte*, 7 Ib. 736 ; Weatherford v. James, 2 Ib. 170.]

2. The wife should have joined the husband, as the meritorious cause of action. [Crenshaw v. Hardy, 3 Ala. Rep. 653.]

3. So too should the heirs have been made parties. [Taylor v. Reese, 4 Ala. R. 121 ; Merrill v. Jones, 2 Ib. 192.]

4. Under citation for final settlement, or other distinct purpose, a partial settlement should not be ordered. [6 Ala. R. 218.]

T. S. MAYS, contra, insisted, that by the marriage the title of the slaves vested immediately in the husband, and therefore, under the statute, he was entitled to distribution. [Digest, 196.] The possession of the executors is the possession of the husband. [Magee v. Toland, 8 Porter, 32 ; 1 Marsh. 518 ; 3 Ib. 229 ; 2 Dess. 259 ; 2 Conn. 564 ; 5 Ala. R. 424 ; 14 Pick. 352 ; 1 McCord, 195 ; 9 Porter, 636, 3 p ; 3 B. P. C. 362.] Besides, the record, in the court below, shows the slaves were received by Elsberry under a hiring from the executors, and they received credit for the notes given by him as a discharge to themselves.

GOLDTHWAITE, J.—1. This cause, when before us at a former term, was brought here against the parties made at the final settlement of the estate, but the writ of error here only calls in question the interlocutory decree of distribution of the legacy bequeathed to Mrs. Elsberry by the will of her

former husband. There are some difficulties in the way of considering errors in a decree for partial distribution after a final settlement has been made, but we shall not now advert to them, because, if it is conceded the first decree can be re-examined under such circumstances, we are unable to see a-vailable error in this record. It is true, the citation is asked by Elsberry alone, sueing in right of his wife, but this irregular-ity is not carried into the decree, which is that the executors shall deliver the slaves bequeathed by the testator to his wi-dow, to Elsberry and his wife, by name. As no exception was taken by the executors to the manner of citation, and as the decree is regular as to parties, we must hold as we did before, that there is no error in this particular. [Sankey's ex'rs v. Sankey's heirs, 6 Ala. Rep. 607.]

2. The application to the court by Elsberry was for distribution of the estate, and on this the court engrafts an order for final settlement also. When the executors appear, they ask a continuance of the final settlement, but interpose no objection to the decree for delivery of the slaves specifically bequeathed. Our statute authorizes any one entitled to distribution, to call on the personal representative, and the same remedy is extended to a legatee. [Dig. 196, § 23, 24.] And in the recent case of Harrison v. Harrison, et al, January term, 1846, we held that a partial distribution might properly be made in advance of the final settlement. We think this decision is conclusive, that the county court did not err in making the order in question, the more especially as no objection was interposed by the executors. The case cited is also full to the effect that other distributees are not to be made parties unless called in by the executor.

Judgment affirmed.