## WILSON'S HEIRS *vs.* WILSON'S ADM'R.

1. Every reasonable intendment will be made in favor of the judgment or decree of a court, rendered in a matter within its jurisdiction

2. Where, therefore, a decree of the Orphans' Court on the final settlement of an estate, in which the distributees occupy the place of their deceased mother, recites: "It appearing that the heirs of A. H. & S. H, his wife, have received advancements made to the said A. H. in his lifetime" &c., the presumption will be indulged, if necessary to support the decree, either that the advancements were made to the said A. H., in the lifetime of his wife; or, if made since her death, that he had authority to receive them, and that the property so advanced has been actually received by the respective heirs in equal portions.

3. The advancement of the husband, the wife living, is an advancement of the wife; and after her death should be charged against those, who occupy the same relation to the estate of him, by whom such advancement was made, that she would have occupied, if living.

4. And in such case the advancement must on final settlement be brought into *hotchpot* by the representatives of the wife, before they can be allowed to participate in the distribution.

5. Infants of themselves are incapable of electing whether they will account for advancements, or be excluded from the distribution, on final settlement of the estate, and their exclusion, without the previous appointment of a guardian *ad litem* to represent them, and protect their interests, is, therefore, erroneous. (Overruling Parks v. Stonum, 8 Ala. 752, so far as it asserts a contrary doctrine.)

Error to the Orphans' Court of Monroe.

Leslie, for the plaintiffs in error:

1. An advancement must be made to the heir of the intestate; therefore the record should show conclusively, that the advancement was made to the children (and each of them,) of Sarah Hammond. The record states that the advancement was made to Asa Hammond in his lifetime. Asa Hammond had no authority to receive an advancement to his children. He was not their guardian, and it will not be presumed that he had any authority to receive money for his children.

2. It is the duty of the court to appoint guardians *ad litem*, for infants, in order to protect their rights.—Jenkins' Distributees v. Jenkin's Adm'r, 16 Ala. 693; Kavanaugh & Wife v. Thomp-

son, 16 Ala. 827.. These cases show that it is not necessary that the infant should come into court and contest the account before the court should appoint a guardian, as laid down in Parks v. Stonum, 8 Ala. 752. An infant has not capacity to come in and contest the account. If the infant could come and contest the account, there would not be any reason or necessity to appoint a guardian, and the Legislature intended to protect the rights of those who did not have capacity to protect their own interests.

3. The record should show affirmatively that notice had been given. The statement that the notice previously ordered had been given is of no greater effect than that legal notice had been given.—9 Ala. 430.

TORREY, for the defendants:

1. There is no bill of exceptions in this case, and this court is not informed of the evidence upon which the decree below was founded. The decree recites that the court below was satisfied that "the children of Sarah Hammond received advancements made to the said Asa Hammond in his life-time." In the absence of a bill of exceptions, this court, in support of the judgment below, will presume that the evidence to this effect was sufficient; that the money was so paid, was an advancement, and that Asa Hammond was authorised (as guardian or otherwise) to receive it. Whether the court erred or not, is a question which wholly · depends upon the evidence, and in the absence of this, every intendment will be made in favor of the regularity of the proceedings of courts of competent jurisdiction.

2. It is urged that the court below erred in not having appointed guardians *ad litem* for the infant children of Sarah Hammond. In reply to this—the duty of the court to appoint guardians *ad litem*, is laid down in Taylor & Wife v. Reese, 4 Ala. 121, as well as in Jenkin's Distributees v. Jenkin's Adm'r, 16 Ala. 693, and in Kavanaugh & Wife v. Thompson, 16 Ala. 827. The act of February, 1843, (Clay's Dig. 229,) which makes it the duty of the Orphans' Court to appoint guardians *ad litem* for infant distributees " when necessary," merely enacts what the Supreme Court had ruled to be necessary in Taylor & Wife v. Reese, previous to that enactment.

In Parks v. Stonum, 8 Ala. 752, this point was distinctly brought forward before this court, and the decree below sought

to be reversed for the failure in making such an appointment. In this case a very clear and marked distinction is drawn between it and the cases (both before and since) refered to above.

As in Parks v. Stonum, so it is in the case at the bar. The record shows that all the requirements of the statutes and the previous orders of the court had been fully complied with. Four weeks previous notice of final settlement had been given by publication in a Mobile newspaper, for the special benefit of the non-resident distributees, and at the end of that time they did not appear. They were not before the court. The record shows that Lindsey the administrator, who also, was the claimant of one share of the estate, and Vernon, who claimed another share of the estate, were the only parties who were before the court. The others had been notified by publication, and failed to appear. They were beyond the jurisdiction of the court. How then could the court below appoint guardians *ad litem* for parties which were not before it, which failed to appear, which were wholly beyond its jurisdiction, which could not be reached by its process, which could not be made liable for costs. Having thus failed to appear either by guardian or next friend, and the court having exhausted its means to bring the parties before it by publication, it is clear, from the deliberate opinion of this court, that " the decree cannot now be set aside, the proceedings of publication and auditing having been in conformity with the statute." —8 Ala. 755.

In Jenkin's Distributees v. Jenkin's Adm'r, 16 Ala. 693, it is apparent that the infants were within the jurisdiction of the court and properly before it. A guardian *ad litem* there was duly appointed, but the error was that the record did not show that he accepted the trust or acted under it. And so in every other case, where the necessity of the appointment is urged, it is clear that the infants were legally before the court. But the case now at bar corresponds, in all these respects, with that of Parks v. Stonum, 8 Ala. 752, and " the consequence is that the decree cannot now be set aside." Whatever relief equity may give, it is clear that the court below did not err.

CHILTON, J.—This was a proceeding in the Orphans' Court of Monroe, for the final settlement of the estate of Mary Wilson, deceased.

Upon the settlement, James Robinson, who was the executor of one of the deceased distributees, moved the Orphans' Court " to exclude the heirs of Asa Hammond, as legal representatives of the estate of Mary Wilson, upon the ground that the said Asa Hammond received monies, goods, chattels, and effects, in the life-time of the said Mary Wilson, amounting to seven or eight hundred dollars in value, which were received by said Hammond as an advancement to him, and which had not been brought into *hotchpot*, as required by the statute. The entry of final settlement recites : " It appearing that the heirs of Asa Hammond, and Sarah Hammond, his wife, have received advancements made to the said Asa Hammond in his life-time, amounting to seven or eight hundred dollars, it is therefore ordered that said heirs be excluded from any share in said estate."

It is objected by the plaintiffs in error, that the advancements made to Asa Hammond could not properly be charged against his children, it not appearing that he was their guardian, or that he had any authority to receive such advancements for them. The entry, it is true, is quite unsatisfactory, but the court having jurisdiction to make the settlement, we are authorised to make all reasonable intendments in favor of the regularity of its decree.—6 Por. 219; 1 Ala. 710; 4 ib. 158; 6 ib. 870; 15 ib. 499. We are, therefore, allowed to infer, for the purpose of supporting the judgment, that the advancements were made to Asa Hammond in the life-time of his wife, who was the daughter of the intestate, or, that if since made, said Hammond was duly authorised to receive the same, and that the property so advanced has actually been received by the respective children of Sarah, in equal portions. If either, or all of these hypotheses, were necessary to sustain the decree, we think we should be compelled to indulge a presumption of their existence.

The advancement of the husband, living the wife, would be an advancement of the wife, and should be charged, after the death of both the husband and wife, against those who occupy the same relation to the estate of the wife's mother which she occupied.

In Andrews, Adm'r, v. Hall *et al.*, 15 Ala. 89, we held that the law requires the child, whose deceased parent has been advanced in his life-time, to bring into *hotchpot* the share which has been so advanced, or its value, before such child can be

allowed to participate in the distribution of the intestate's estate, since, as the representative of his father, he could have no better claim than he would have if living.—Citing 2 Wms. on Ex'rs 919; Proud v. Turner, 2 P. Wms. 560.

In the case before us the children of Mrs. Hammond are entitled to the same distributive share which she would be entitled to, were she in life and seeking a distribution. If, on the marriage or afterwards, advancements were made to her husband, the children, we think, should be required to bring such provision or its value into the estate for distribution, and if they fail to do it, as required by the statute, that they should be excluded from all participation in the distribution of the estate. We cannot, therefore, hold that the court below erred in this portion of the decree, as the facts upon which it is predicated are not set out by the record, and especially are we concluded from saying there is error, since the recital in the decree is, that the children have *received* the property, &c., thus advanced to their father.

It is next objected that there appears by the record to have been infants interested in the settlement of this estate, and no guardians *ad litem* were appointed for them. The infants are excluded from the distribution because they fail to bring into *hotchpot*, the share received as advancements by them. This we regard as erroneous. The infants themselves are incapable of making an election whether they will account for the advancements or be excluded from the distribution. In Craig & Wife v. McGehee & Armstrong, 15 Ala. 49, we held that it was error to decree a sale of land belonging to the estate of the deceased, without appointing guardians *ad litem* for the infant heirs. So in the case of Jenkin's Distributees v. Jenkin's Adm'r, ib. 693, we laid down what we regard the correct practice in regard to the appointment of such guardians.—See also, Kavanaugh & Wife v. Thompson, 15 Ala. 827.

In the case before us, the rights of these infants have been determined upon without affording them an opportunity of contesting. They could not, as we have said, make the election to bring the advancements into the estate. This could be done by their guardian *ad litem* with the concurrence of the court, as we held in Andrews v. Hall, 15 Ala. 85-90; yet they are excluded for not doing what it was not legally in their power to do. The

object of the statute requiring the appointment of guardians *ad litem*, was to protect infants, to see that there was some one before the court, as their representative in the suit, who would see to it that they were not prejudiced. Such guardian's duties are defined by us in the case last cited. Nothing of the kind, however, was done in this case, and the decree of the Orphans' Court for this reason is clearly erroneous.

The case of Parks v. Stonum, 8 Ala. 752, is pressed upon us as an authority opposed to this view. In that case it was held that the failure of the Orphans' Court to appoint guardians *ad litem* for infants was not erroneous, unless the infants appeared previous to the decree of final settlement, and for the purpose of contesting the decree. We feel constrained to hold that this decision of Parks v. Stonum, so far as it requires the appearance of the infants for the purpose of contesting the decree necessary to their having guardians *ad litem* appointed for them, is not in conformity with our views of the law, and of the object and design of the statute. The reason why the court should appoint such guardians is, that the infant is deemed incapable of appearing and protecting his rights. To require him to appear for the purpose of contesting, as a pre-requisite to such appointment, would in many cases require an impossibility, for he may be of such tender years as to be wholly incapable of taking any step in the matter. The authority refered to by the court in Parks v. Stonum, 8 Ala. 752, of Taylor v. Reese, 4 Ala. 121, sustains the view we here take, and although the heirs in that case were not present, it was held that minors should have guardians appointed to protect their interests on the final settlement. It is not necessary to notice the objection that proper notice was not given. Let the judgment be reversed, and the cause remanded.