# Cunningham, Executrix, *v.* Thomas, Administrator.

*Petition to Vacate a Decree on the Final Settlement of an Estate.*

1. *After the lapse of forty days no one has the right to be preferred as an administrator.*—After the expiration of forty days from the death of the intestate, no one has a right to be preferred as an administrator of the estate.

2. *The failure of an administrator to execute a bond does not vacate the appointment.*—The failure of the administrator to execute bond in the penalty prescribed, is an irregularity, but it does not render the appointment void.

3. *A decree on irregular proceedings can not be vacated on petition at a subsequent term.*—If the proceedings on the final settlement of an administration are not void, but irregular, the decree rendered thereon can not be set aside on petition at a subsequent term.

APPEAL from the Probate Court of Conecuh.

Tried before the Hon. F. M. WALKER.

On the 29th day of September, 1876, Mrs. Susan J. Cunningham, as executrix of the last will and testament of James Cunningham, deceased, filed in the court of probate of Conecuh county the following petition:

"To the Hon. *Francis M. Walker*, *Judge of Probate of said county*:

Your petitioner, Susan J. Cunningham, would respectfully state and aver, that she is now, and has been since the first day of January, 1874, a citizen of the city and county of Mobile, said State, and the widow of the late James Cunningham, who departed this life on or about the 16th day of November, 1874, in said city of Mobile, and that she qualified, in the Probate Court of Mobile county, as the executrix of the last will and testament of said decedent on, to-wit, the 24th day of February, 1875, and that letters testamentary on the estate of said decedent were issued to her on, to-wit, the 24th day of February, 1875, from which time, until now, she has exercised and discharged the duties as said executrix, and is now the executrix of said estate.

Petitioner would further state and aver, that her testator, the said James Cunningham, was, at the time of his death, administrator *de bonis non* of the estate of C. J. Stallworth, deceased, which was then being administered in the Probate

[Cunningham v. Thomas.]

Court of Conecuh county, Alabama, and that afterwards, to-wit, on the 29th day of December, 1874, and more than forty days after the death of said Cunningham, Joseph H. Thomas made and filed his petition for letters of administration to be granted to him on the estate of the said C. J. Stallworth, deceased, upon the ground that he was a creditor of said estate.

Petitioner would further state and aver, that the names, ages, conditions and residences of the heirs and legatees of the estate of the said Stallworth, are Mrs. C. S. Brantly, the widow of C. J. Stallworth, deceased, since married to one Brantly, whose Christian name is unknown to petitioner, and others unnecessary to mention.

Petitioner further states and avers, that the said Mrs. C. S. Brantly has not filed in the office of the probate judge of Conecuh county her relinquishment of the right to act as the administratrix of the estate of the said C. J. Stallworth, deceased, and that the said J. H. Thomas is not now, and was not on the 29th day of December, A. D. 1874, a creditor of said estate, as petitioner is informed and believes; that he was not entitled, under any of the provisions of the statute in such cases made and provided, to administer on said estate.

Petitioner further states and avers, that at a special term of the Probate Court in March, 1875, an order was granted appointing said Thomas administrator *de bonis non* of the estate of said Stallworth, deceased, provided the said J. H. Thomas first filed in the said Probate Court his bond in the penal sum of four thousand dollars, conditioned and payable, according to the statute in such cases made and provided, &c.

And petitioner states and avers, that said Thomas has never filed said bond in manner, and form, and conditioned, and payable and for the penal sum as required in said order.

Petitioner further states and avers, that on or about the 5th day of January, 1875, letters of administration on the estate of the said Stallworth were issued to the said J. H. Thomas as the administrator *de bonis non* of said estate, and that he entered upon the duties thereof without bond, as required by law in such cases made and provided, and that said Probate Court did not, at that time, or previously to that time, grant an order appointing said Thomas administrator *de bonis non,* as aforesaid.

Petitioner further states and avers, that on the second day of November, 1875, said Probate Court did state, pass, audit and allow an account against her as the executrix, as aforesaid, of the said James Cunningham, deceased, and rendered

a decree thereon in favor of the said J. H. Thomas, for the sum of two thousand three hundred and forty-one and 29-100 dollars, on the second day of November, 1875, and issued an execution on said decree against her as executrix, as aforesaid, and placed the same in the hands of the sheriff of Mobile county on, to-wit, the 30th day of November, 1875.

Petitioner further states and avers, that no citation was served upon her, as the law directs in such cases, ten days before the making of said settlement, that no publication was made for three successive weeks in the *Conecuh-Escambia Star*, published in said Conecuh county, that no guardian *ad litem* was appointed to represent the interest of said minor heirs of the estate of the said C. J. Stallworth, deceased, and that the names, ages, condition and place of residence of the said heirs and legatees were not stated as required by the statute in such cases made and provided.

Petitioner further states and avers, that her testator, the said James Cunningham, never received any assets of the estate of the said C. J. Stallworth, deceased, until a few months before his death, and that previously to that time he expended large sums of money in law-suits, and otherwise, for the benefit of said estate and to enforce the collection of all the assets that ever came into his hands, and that the said testator, previously to receiving said assets, made large advancements in money and otherwise to the said Mrs. C. S. Brantly, then Mrs. C. S. Stallworth, widow of the said C. J. Stallworth, deceased, and her minor children aforesaid, for their comfort, maintenance and support; and petttioner states and avers that she, as the executrix of the estate of said Cunningham, is entitled to large credits, against said estate of C. J. Stallworth, deceased, as above stated, that said settlement and decree thereon in Probate Court against her as aforesaid, together with the interest thereon and costs of court, that said judgment and decree was rendered against her as executrix, as aforesaid, before the expiration of eighteen months after the death of her said testator, and that gross injustice was done petitioner as executrix as aforesaid on said settlement.

In consideration of all the premises above set forth, and the facts as they appear from the exhibits hereto attached, petioner would respectfully pray that the said decree against her, as aforesaid, on final settlement of the accounts of the said testator as administrator, as aforesaid, be set aside and rendered null and void, and that the executions issued thereon be quashed.

[Cunningham v. Thomas.]

Petitioner would further pray that the letters of administration issued to said Thomas, as above set forth, be set aside and revoked, because the same were improvidently granted to the said Thomas, as shown in said petition and exhibits hereto attached.

Petitioner would further pray that letters of administration on the estate of the said C. J. Stallworth be granted to the next of kin of said Stallworth, and that the said Mrs. Brantly have notice of said settlement, and an opportunity to be heard, and that a guardian *ad litem* be appointed to represent said minor heirs.

Petitioner further prays that after said settlement is set aside, and an administrator appointed, she be allowed to file her account and vouchers and make a full and fair settlement of the administration of her testator, as the administrator as aforesaid, and as in duty bound your petitioner will ever pray."

The foregoing petition was filed on the 29th of September, 1876.

The defendant demurred to the petition, and assigned several grounds, which were overruled, but the following ground was sustained, viz:

3d. "Because it sets forth in the body of the petition, asking and showing causes why the decree against her should be set aside, and concludes with a prayer for the removal of this administrator from the administration of the said estate, and asking that the next of kin be appointed."

To the action of the court, in sustaining this ground of demurrer, the petitioner excepted.

The petitioner, by leave of court, amended the petition by striking out the following: "Petitioner would further pray that the letters of administration issued to said Thomas, as above set forth, be set aside and revoked, because the same are improvidently granted to the said Thomas, as shown in said petition; and would further pray that letters of administration on the estate of said C. J. Stallworth be granted to the next of kin of said Stallworth. And that the said Mrs. Brantly have notice of said settlement, and an opportunity to be heard, and that a guardian *ad litem*, be appointed to represent said minor heirs."

The said defendant, J. H. Thomas, demurred to the amended petition, and assigned the following grounds of demurrer, viz:

1. "Because said petition comes too late, viz: that it was

[Cunningham v. Thomas.]

not filed within four months subsequent from the rendition of said judgment.

2. "Because said petition was not filed within the time prescribed by statute 2814 of Revised Code of Alabama.

3. "Because she is a debtor, as executrix of James Cunningham, to the estate of C. J. Stallworth, and she can not undertake to assert that a guardian *ad litem* was not appointed, because that looks to an adverse interest and contradistinction to the one she attempts to assert, being in conflict with her own interest and to the minor heirs of said estate."

The court sustained the demurrer and dismissed the petition. And to this action of the court the petitioner excepted.

GEORGE R. FARNHAM, for appellant.—1. The court erred in sustaining the third ground of demurrer to the original petition. It did not specify any objection to any matter of substance. It was a general demurrer, and should have been overruled.—Rev. Code, § 2656; 33 Ala. 110; ib. 659; 34 Ala. 485; 35 Ala. 259; ib. 722; 37 Ala. 560.

2. The facts alleged in the petition show that the administrator *de· bonis non* was improvidently and illegally appointed. In such a case it is the duty of the court to revoke the letters.—Revised Code, §§ 1987–2003; 33 Ala. 570; 1 Williams Ex'r, 507, *et seq.*

3. The demurrer to the amended petition does not specify any substantial ground of objection, and should have been overruled.—Revised Code, § 2656. It is a plea in bar without verification rather than a demurrer.

4. The facts alleged in the amended petition show that the decree which is assailed was absolutely void upon its face, and the prayer of the petition was to set aside said decree.—40 Ala. 247; ib. 596; 46 Ala. 491; 47 Ala. 192.

5. As to the legal sufficiency of the facts alleged in the petition, see 16 Ala. 100; ib. 652; 24 Ala. 516; 37 Ala. 362; 27 Ala. 701, and cases *supra*; 1 Brick. Dig. 791, § 796, *et seq.*; 39 Ala. 294.

BOWLES & STEARNS, for appellee.—1. Although these proceedings may abound in irregularities and errors, yet the court had full jurisdiction of the matters, and had the right to make just such settlement, and in the manner substantially pursued in this case. The decree is not void, and can not be set aside in the manner attempted in this proceeeding by the appellant.—Revised Code, § 2165, *et seq.*; 16 Ala. 100;

[Cunningham v. Thomas.]

24 Ala. 516; 44 Ala. 317; 42 Ala. 628, and authorities cited.

2. The case made by the appellant fails to show the proceedings were void and the decree a nullity, and therefore can not complain of the order dismissing his petition.

STONE, J.—If the averments of the petition in this case be true, the estate of Mr. Cunningham was seriously injured by the decree rendered in favor of Thomas, administrator *de bonis non* of the estate of Stallworth, against Mrs. Cunningham, as executrix of Cunningham's will. Still, we feel bound to affirm the decree of the Probate Court, sustaining the demurrer, and dismissing the petition. The proceedings, though possibly irregular in some respects, were not void; and hence they could not be vacated in a collateral proceeding by petition.

When Thomas was appointed administrator *de bonis non*, more than forty days—in fact, years had elapsed since the death of Mr. Stallworth. No one, then, had the right to claim the administration under the statute.—Code of 1876, §§ 2350–1; *Davis v. Swearingen*, 56 Ala. 31. No cause is shown why Thomas was disqualified or incompetent to hold the trust, and the motion to vacate the appointment on that account was properly overruled.

The failure of the administrator to execute bond in the penalty which had been previously prescribed, was mere irregularity, and did not render the appointment void.—*Ex parte* Maxwell, 37 Ala. 362.

The final decree rendered against Mrs. Cunningham recites enough to give the court jurisdiction to state an account against her, and to audit and decree upon the account, after it was stated. The recital affirms that Mrs. Cunningham had proper notice that the account had been filed, of the day set for settlement, examining and auditing the account, &c. The decree then proceeds in regular and formal manner to ascertain the balance in the hands of her testator unaccounted for, and decrees the same against the estate of her testator in her hands to be administered. This is sufficient in a collateral attack, such as this is.—Code of 1876, § 2590, *et seq.*; *Blackwell v. Vasthinder*, 6 Ala. 218; *Howard v. Howard*, 26 Ala. 682; *Lyon v. Adam*, 31 Ala. 234; *Dow v. Whitman*, 36 Ala. 604.

The appointment of the guardian *ad litem*, and his acceptance, are sufficient in a probate court proceeding, even if the

present petitioner stood in a position which would authorize
her to raise the objection.—*Stabler v. Cook*, 57 Ala. 23.

The decree of the Probate Court is affirmed.