# Moody, Adm'r, *v.* Hemphill.

*Final Settlement of Decedent's Estate in Probate Court.*

1. *Settlement of decedent's estate ; when decree for wife's interest must
be in favor of husband and wife.*—A testator, dying in 1840, devised lands
to his wife for life, with remainder to designated children, one of whom
was a daughter who married in 1846.  The widow died in 1874, and, after
her death, the lands were sold under the will by the personal represen-
tative.  *Held*, on final settlement.

(*a*) That the daughter's interest in the devised lands accrued on the
death of the testator, but her right of enjoyment did not arise until the
death of the widow.

(*b*) That while the husband's marital rights attached on his marriage,
the ownership of the fund resulting from the sale did not vest in him, he
not having reduced it to possession.

(*c*) That a decree on final settlement for the daughter's distributive
interest in the fund should be in the name of herself and husband, and
not in her name alone.


APPEAL from Tuscaloosa Probate Court.

Tried before Hon. N. H. BROWNE.

In the matter of the final settlement of the accounts of
Frank S. Moody, as the administrator *de bonis non*, with the
will annexed of Edward Sims, who departed this life in 1840,
leaving a widow and several children.  The testator devised
lands, with other property, to the widow for life, with remain-
der to his children, one of whom is Mrs. Mary J. Hemphill,
who intermarried with F. F. Hemphill in 1846.  It seems that
this land was sold after the death of the widow under the will,
and from the proceeds of the sale the administrator paid, in
1874, among other things, a legacy of $2000, left to one Aaron
Ready.  The final settlement of the appellant's accounts as
such administrator, was first had in 1877, when he was allowed
credit for the amount paid on account of said legacy.  This
item was, however, contested, and was reviewed in this court
on appeal, when the decree of the probate court was reversed,
and the cause remanded.  See *Hemphill v. Moody, Adm'r*, 62
Ala. 510.  After the settlement in the probate court in 1877,

the administrator made distribution, thus leaving no other debit against him than the said item of $2000, and interest.

On the settlement a decree was entered in the name of Mrs. Hemphill alone for her distributive share ; and that is, *inter alia,* here assigned as error.

J. M. MARTIN, for appellant.

A. C. HARGROVE, *contra.*

STONE, J.—Mrs. Hemphill's right to the distributive interest claimed in this suit accrued in 1840, but her right to its enjoyment did not arise until the death of her mother in 1874. She intermarried with her present husband in 1846, before the enactment of the first woman's law, in 1848. Hence, the present proceeding is not at all affected by our statutes securing to married women their separate estates.

When this case was before us at a former term—64 Ala. 468—we stated the reasons why the possession of Mrs. Sims, the life-tenant, could not be regarded as the possession of those in reversion or remainder. It follows from what was there said that, although Mr. Hemphill's marital rights had attached on his marriage, the ownership in the fund had not vested in him, because he had never reduced it to possession, actual or constructive. It remained a chose in action, to be reduced to possession by voluntary surrender, or by suit, as any other chose in action, owned by the wife at the time of the marriage, was regarded and held at the common law. For the reduction of such claim to possession by process of law, the suit and recovery must needs be in the joint names of husband and wife. *Blackwell v. Vastbinder,* 6 Ala. 218 ; *Sankey v. Elsberry,* 10 Ala. 455 ; *Pickens v. Oliver,* 29 Ala. 528 ; *Thrasher v. Ingram,* 32 Ala. 645. It follows that the probate court erred in rendering the decree in favor of Mrs. Hemphill alone.

All the other questions urged upon our consideration have been ruled adversely to the appellant, and, we think, rightly so ruled. We have no disposition to overturn any thing heretofore declared.—*Hemphill v. Moody,* 62 Ala. 510 ; s. c. 64 Ala. 468 ; *Moody v. Hemphill,* 71 Ala. 169.

The decree of the probate court of September 12th, 1882, so far as the same decrees in favor of Mary J. Hemphill, is reversed at her costs, and, proceeding to render the decree the probate court should have rendered, it is ordered and decreed that the said Frank S. Moody pay to F. F. Hemphill and Mary J. Hemphill, his wife, the sum of five hundred and sixty-three dollars and ninety cents, for which execution may issue from the probate court ; this decree to take effect and bear date as of

September 12, 1882. The costs of this appeal, both in the probate court and this court, to be paid out of the sum thus to be collected.

In all other respects, including the decree in favor of John S. Jemison, administrator, the decree of the probate court is affirmed ; the decree to be executed by the probate court.

Reversed to the extent above shown, and here rendered.

SOMERVILLE, J., not sitting.