### IRELAND *v.* DYER, administrator.

1. A deed of gift by a father-in-law to his son-in-law, accepted by the latter, which contains a provision clearly indicating that it was the intention of the grantor that the property so conveyed was to be an advancement to his daughter, the wife of the grantee, is an advancement to her, notwithstanding she may have been ignorant, not only of the fact that the deed contained such a provision, but even of the existence of the deed altogether.
2. Under the evidence in the case the jury could have found that the plaintiff had not received her distributive share of the estate, after deducting from that distributive share the value of the advancement made to her; therefore it was error for the court to direct a verdict in favor of the defendant.

Decided February 21, 1910.

Complaint. Before Judge Wright. Walker superior court. September 12, 1908.

*R. M. W. Glenn* and *F. W. Copeland,* for plaintiff.

*James P. Shattuck,* for defendant.

BECK, J. Sarah Ireland brought suit against L. H. Dyer, administrator of S. B. Dyer, deceased, to recover her interest as distributee and heir at law of .the estate of said S. B. Dyer, who was the plaintiff's father. It was alleged and admitted that there were several thousand dollars belonging to the estate in the hands of the administrator, which had not been distributed. The defense relied on was, that S. B. Dyer, prior to his death, had given to the plaintiff or to her husband for her, or to her jointly with her husband, a certain portion of his real estate as an advancement out of his estate; and further, that the land so conveyed was intended to be and was accepted as the plaintiff's entire interest in his estate. The court so construed the deed and the evidence, and directed the jury to return a verdict for the defendant. The plaintiff moved for a new trial, which being denied, she excepted.

1. The deed from S. B. Dyer to his son-in-law, W. W. Ireland, who is now and was at the time of its execution the husband of the plaintiff in error, contains the provision that "The above deed is made to W. W. Ireland and his wife Sarah as her interest in my estate." Civil Code, §3475, reads as follows: "A memorandum of advancements, in the handwriting of the parent, or subscribed by him, shall be evidence of the fact of advancement, but shall not be conclusive as to the valuation of the property, unless inserted as part of testator's will or referred to therein." Considering, therefore, the stipulation in the deed as above quoted, there could be no doubt, if the conveyance had been made to the daughter and received by her as it was by her husband, that the property thus conveyed would have constituted an advancement to the daughter; and the fact that the conveyance was made not to the daughter but to her husband does not render the provision in the instrument under consideration any the less an advancement, as it was clearly intended by the donor to be. The fact that the property was actually received by the son-in-law is established. Civil Code, §3474 (which was §2579 of the Code of 1882), is as follows: "An advancement is any provision by a parent made to and accepted by a child out of his estate, either in money or property, during his

lifetime, over and above the obligation of the parent for mainte-
nance and education." In the case of *Holliday* v. *Wingfield*, 59
*Ga.* 206, the court, construing this section, said: "These words do
not mean that the child must formally accept the provision as an
advancement; that the parent must say to the child, 'Now, I give
you this as an advancement,' and the child respond, 'I accept it as
such.' The meaning is, that the child must receive the provision,
get the property or money in possession, and in that sense accept it,
take it, keep it. The very next section—2580—[§ 3475] shows
that the meaning given by the court below to 2579 can not be cor-
rect. That section (2580) declares that 'a memorandum of ad-
vancements in the handwriting of the parent, or subscribed by him,
shall be evidence of the fact of advancement, but shall not be con-
clusive as to the valuation of the property, unless inserted as a part
of the testator's will or referred to therein.' It does not matter
that the child never heard of this memorandum; that he was ig-
norant of it altogether; that he thought it a donation from af-
fection; and hence, *never accepted it as an advancement*. The
mere memorandum of the parent concludes him as to everything
except the valuation of the property."

But it is argued that inasmuch as the gift evidenced by S. B.
Dyer's deed, if it was a gift, was to the son-in-law and not to the
daughter of the donor, it can not be charged to her as an advance-
ment in the distribution of the estate. The contention thus
plainly stated can not be maintained. While we have been unable
to find any decision of this court covering this precise question, we
find abundant authorities in the decisions of the courts of other
States, directly adverse to the petition of counsel for defendant in
error. In the case of Bridges *v.* Hutchins, 11 Iredell (N. C.), 68,
the court said: "A gift to the husband during coverture is un-
doubtedly an advancement to the wife." And in Hagler *v.* Mc-
Combs, 66 N. C. 345, it was said: "It can scarcely be contended
that a gift of property to a son-in-law would not be *prima facie* an
advancement to the wife; and this being so, no reason is seen why
the payment of the husband's debts would not be equally an ad-
vancement, and no reason is seen why the father, having become
surety for these debts, should make the payment the less an ad-
vancement." In the case of McDearman *v.* Hodnett, 83 Va. 280
(2 S. E. 643), the court, referring to the opinion last cited, said:

"The appellant, however, contends that these principles do not apply in this State to a cause like the present, because of the provisions of the act of April 4, 1877, commonly called the 'married woman's act' (Acts 1876-77, p. 333). The argument is that the act changed the relations of a husband towards his wife as respects her property, which is no longer subject to his disposal, or to the payment of his debts, but is possessed and controlled by her as though she were a *feme sole*. This may be true, but we do not perceive that it affects the question before us. The object of the act is to secure to married women the enjoyment and control of their property, but not to interfere with the dominion over and right of disposal of one's property, or with the general law as respects the dealings between parents and their children, or the distribution of decedents' estates. The question of advancements is therefore not touched or in any way influenced by the act; nor was it designed to have any such influence." Similar rulings from the courts of other States might be multiplied. In 2 Am. & Eng. Enc. Law, 326, 327, it is said: "It is well settled by the authorities that the donor's intention is the controlling principle in the application of the doctrine of advancements, and that whatever the donor intended as an advancement should be so considered without regard to the mode of making it or of securing the actual enjoyment of it. According to this principle it has many times been held that a gift to a son-in-law during the life of the donee's wife constitutes an advancement to the wife, and it is immaterial that the daughter does not know of the advancement to the son-in-law, or that by reason of improper investments or otherwise the daughter does not in fact derive any benefit from the advancement. Thus the payment by a father of his son-in-law's debts may constitute an advancement to the daughter. . . It has been held that the married women's property act securing to them their separate property did not prevent an advancement to the son-in-law from being deemed an advancement to the daughter." See, in this connection, the cases of Lindsay *v.* Platt, 9 Fla. 150; Bruce *v.* Slemp, 82 Va. 352; Dilley *v.* Love, 61 Md. 603; Wilson *v.* Wilson, 18 Ala. 176; Stewart *v.* Pattison, 8 Gill, 46; Barber *v.* Taylor's Heirs, 9 Dana, 84; Baker *v.* Leathers, 3 Ind. 558; 1 Am. & Eng. Enc. Law (2d ed.), 774, 775; 14 Cyc. 166. What is said in the cases from which the above

quotations are taken and those which are cited renders further elaboration of the question unnecessary.

There was some attempt to show that Ireland secured possession of the land by a purchase from Jim Dyer, the son of S. B. Dyer, of Jim Dyer's interest in the property, but there is absolutely no evidence to show that the latter had either title to or the right of possession of the property in question; and in view of what we have ruled above as to the effect of the deed, and the further fact that it clearly appears that Ireland received and accepted the deed to this property from his father-in-law, and went into possession of the property, the court below was clearly right in giving to the deed the construction which he placed upon it.

2. But while, as shown above, we agree with the trial judge in his construction of the deed from S. B. Dyer to W. W. Ireland, containing as it does the provision above set forth, it still does not appear that the direction of a verdict in favor of the defendant in the case was authorized by the evidence; for if the evidence introduced by the plaintiff should be taken as true (and of its effect the jury were the sole judges), the plaintiff had not received her distributive share of the estate, as shown by the uncontroverted evidence, after deducting from that distributive share the value of the advancement at the time of the conveyance; and the rule is, that every advancement, unless a value is agreed on at the time of its acceptance, shall be estimated at its value at the time of the advancement.   Civil Code, §3478.

*Judgment reversed.   All the Justices concur.*