M'LEOD VS MASON.

*Of proceedings on the settlement of guardianship accounts.*

1. A Guardian may voluntarily appear before the Orphans' Court and effect a settlement of his accounts, without any process from the Court preceding his appearance.
2. Where a guardian thus voluntarily appears, and makes a settlement of his accounts, he cannot afterwards object, in error, that the record does not show that he derived his trust from the Court, with which his settlement has been made.
3. In proceedings in the settlement of a guardian's accounts, it need not appear that his successor was made a party; or from what Court such successor obtained his trust.
4. Where a settlement of the accounts of a guardian is made with the Court, at his motion, and upon vouchers furnished by himself, he cannot, in error, avail himself of the fact that the record does not show that publication was made as ordered.
5. Where a suit is prosecuted for the benefit of a ward, the guardian should describe the ward upon the record, and the judgment should pursue the process.
6. And in a proceeding, *ex parte*, against a guardian on the settlement of his accounts—an order granting execution, against him, to his successor, *by name*, is erroneous—it should be in the name of the ward, by the successor.

On a writ of error to proceedings of the Orphans' Court of Madison county.

The record in this case disclosed, that at a term of the Orphans' Court of Madison county, held on

the tenth day of January eighteen hundred and thirty-six, on the application of George Mason, guardian of Adaline T. Heath, infant child of Joseph M. Heath, it was ordered that George M'Leod, then of Talladega, late guardian of said infant, be cited to be and appear before the Judge of said Court, on the second Monday in February next ensuing, to shew cause why he should not make final settlement of his guardianship of said infant.

Upon this order, a citation issued to the sheriff of Talladega county, which was returned executed.

Afterwards, to wit, on the eighth day of March, eighteen hundred and thirty-six, at a special term of the said Court, the following entry was made—

"George M'Leod, late guardian of Adaline T. Heath, infant child of Joseph M. Heath, deceased, having filed in the office of the clerk of said Court, the accounts and vouchers of his guardianship of said infant, for final settlement—it is ordered that publication be made for forty days, in some newspaper, printed in the town of Huntsville, in said county, requiring all persons in any manner interested in said settlement, to be and appear before the Judge of said Court, at the Court house in the said town of Huntsville, on the second Monday in May next, to shew cause, if any they have, why final settlement, as aforesaid, shall not then be made and recorded.

"And now afterwards, to wit, on the ninth day of May, being a day of a term of the Orphans' Court of said county, begun and held at the Court-house, in the town of Huntsville in said county, on the second Monday in said month, (May,) in the year of our

Lord, one thousand, eight hundred and thirty-six, was made the following entry, to wit:"—

Here followed a statement of the account current, submitted by George M'Leod, which was ordered to be recorded.

Then appeared the subjoined entries, to wit:

"State of Alabama, Madison county, I, John C. Thompson, Judge of the County Court of said county, do certify that I have on this day, examined the account and vouchers of George M'Leod, guardian of Adaline T. Heath, infant child of Joseph M. Heath, deceased, and find it correct as above stated, viz:—that the said guardian has received, and is chargeable with the sum of six thousand, eight hundred and thirteen dollars and nineteen cents; and has expended and accounted for, two thousand, one hundred and ninety-five dollars, and four cents, making a balance due the said Adaline, of four thousand, six hundred and eighteen dollars and fifteen cents: and it appearing to the satisfaction of the Court, that the said George M'Leod, having resigned his said guardianship, and George Mason having been duly appointed guardian of the said Adaline in his stead;—it is therefore decreed by the Court, that the said George M'Leod pay over unto the said George Mason, the said sum of four thousand, six hundred and eighteen dollars and fifteen cents, the balance due the said Adaline, upon a final settlement of his guardianship account.

Given under my hand, this the ninth day of May, eighteen hundred and thirty-six.

JOHN C. THOMPSON.

5 P.        29 .

"And afterwards, to wit, on the day last aforesaid—on motion of Samuel Peete, attorney for George Mason, guardian of Adaline T. Heath, infant child of Joseph M. Heath, deceased,—it is considered by the Court, that said guardian recover of, and have execution against George M'Leod, late guardian of said Adaline T. Heath, for the sum of four thousand, six hundred and eighteen dollars and fifteen cents, the balance due from the said George M'Leod this day, on final settlement of his guardianship of said infant, made and ordered to be recorded, together with the costs therein expended."

It was in this Court, assigned for error—

1st. That the proceedings in the County Court, for a final settlement, were discontinued.

2nd. That the citation to defendant, did not name the said George Mason, or shew that he, as guardian, sought the settlement.

3d. That the record did not show that any previous advertisement of the final settlement was made.

4th. That the record did not show, that said George Mason was a party te said settlement.

5th. That it did not appear by what Court, said Mason was appointed guardian; nor by what Court M'Leod was appointed.

6th. That the Court below erred in rendering a decree or judgment in favor of said George Mason, as guardian as aforesaid.

*Parsons* and *M' Clung* for the plaintiff in error,— *Robinson* contra.

COLLIER, J.—This cause is brought up by

writ of error, to revise a decree of the Orphans' Court of Madison county. The record shews that on the tenth day of January, eighteen hundred and thirty-six, that Court, on the application of the defendant in error, as the guardian of Adaline T. Heath, directed a citation to issue to Talladega, requiring the plaintiff to shew cause why he should not make a final settlement of his guardianship accounts, as the late guardian of the said Adaline.

On the thirteenth of the same month, a citation was issued, and on the fifth of February, executed by the sheriff of Talladega on the plaintiff; by which he was required to appear and settle his guardianship accounts, before the Judge of the Orphans' Court of Madison, on the second Monday of that month. No proceedings seem to have been had on the citation; but the defendant on the eighth day of March following, filed with the clerk of the Court, the accounts and vouchers touching his said guardianship, for final settlement.

Whereupon the Court made an order, directing that publication be made for forty days, in some newspaper published in Huntsville, requiring all persons interested, to appear before the Judge of that Court, on the second Monday in May thereafter, at the court house of the county, and show cause why final settlement should not be made. On this latter day, the record shews that a final settlement was made, and the accounts of the plaintiff, touching his guardianship, stated and recorded. In the *decree* which follows the statement of the account, the Judge recites that he finds the accounts as stated to be correct—and further, that

the plaintiff had resigned his guardianship, and that the defendant had been appointed in his stead.

"It is therefore decreed by the Court, that the said George M'Leod, pay over unto the said George Mason, the said sum of four thousand, six hundred and eighteen dollars and fifteen cents, the balance due said Adaline, upon a final settlement of his guardianship accounts.

(Signed by the Judge)      JOHN C. THOMPSON."

Afterwards, but on the same day, the following order was made:

"On motion of Samuel Peete, attorney for George Mason, guardian of Adaline T. Heath, infant child of Joseph M. Heath, deceased,—it is considered by the Court, that said guardian recover of, and have execution against George M'Leod, late guardian of said Adaline T. Heath, for the sum of four thousand, six hundred and eighteen dollars and fifteen cents, the balance due from the said George M'Leod, this day, on final settlement of his guardianship of said infant, made and ordered to be recorded, &c."

We consider it unnecessary to inquire in regard to the sufficiency of the citation, and the discontinuance of the proceeding commenced by it, inasmuch as it seems to have been abandoned in the Orphans' Court. After the citation had spent its force, the plaintiff voluntarily come into Court, and filed his accounts and vouchers, for the purpose of obtaining a settlement of his late guardianship.— This step by the plaintiff, without a summons, or other process of the Court, was fully authorised by law.*

*Aik. Dig. 182. §27.

And as it is the peculiar province of the Court, to adjust the accounts of guardians, executors, &c. it would seem to be too late for the plaintiff to object, that the record does not shew that he derived his trust from the Orphans' Court of Madison. Has he not admitted such to be the fact, by filing his accounts in that Court? for none other than that by which he was appointed guardian, could settle his accounts.

The case of *Ripitoe vs Hall*,* is directly in point. In that case it was holden, that the guardian against whom proceedings were instituted, with the view to repeal his letters of guardianship, having pleaded to the merits, and against whom a verdict and judgment were rendered, could not object in error, that he was a guardian of that Court. That case goes even beyond the present—there the party complaining, was brought in on process—here, he came in voluntarily. [*1 Stewart 166.]

It is argued for the plaintiff, that it is not shewn that the defendant was a party to the settlement, nor from what Court he derived the guardianship of his ward. In respect to the first branch of the proposition, it may be remarked, that it was not necessary that the defendant should have been made a party to the proceedings in the Orphans' Court.— It has already been observed that it was competent for the plaintiff to file his accounts, and ask their settlement, in the manner he did; and upon publication being made, the defendant might have appeared, had he desired; but there was no necessity for his being made a party, or even interfering in any manner in the settlement. And it is alike

unimportant from what Court the defendant derives his trust. The Orphans' Court of Madison was satisfied, that he was the *then* guardian of the plaintiff's late ward; and that character, from whatever Court derived, entitled him to receive her estate.

The record, it is true, does not shew that publication was made as directed by the order of the Court, requiring persons interested, to shew cause against the settlement; yet this objection cannot avail the plaintiff. Publication was not intended to give him notice. The settlement was made at his motion, and upon vouchers furnished by himself. But it was made for the benefit of the ward, and if her guardian is contended to abide by the settlement, the plaintiff cannot take from him that privilege.

In the last place, it is objected that the decree, is in favor of the defendant, instead of his ward. That part of the action of the Court, which may be technically called *the decree,* is proper enough, and would have authorised an execution to issue in the name of the ward by her guardian, without any particular direction by the Court. But the subsequent order directs, "that said guardian recover of, and have execution &c." The words, "said guardian," refering to the defendant, whose name is used in the preceding part of it. We look upon this order for an execution, as wholly unnecessary; yet we are not permitted to disregard it, for it was made at the same time, and by the same authority, that the decree was, and controls it, by confining the right to sue out execution in his own name, to the guardian.

M'LEOD *vs* MASON.

In prosecuting a suit for the benefit of a *ward,* the guardian should discribe the ward upon the record as suing by him—as thus: A B, an infant, &c. by C D, his guardian; and the judgment should pursue the process and declaration. In the case at bar, there is neither process or declaration, but a mere *ex parte* settlement and decree: And the decree, as it undertakes *expressly* to direct execution, must award it properly, The plaintiff's undertaking, out of which his liability arose, was with the Court for the benefit of the ward. Here the decree subjects him to an execution at the suit of the guardian, and cannot be sustained.

Had the decree have stopped, with the signature of the Judge, we have said it would be unobjectionable, and quite sufficient for all purposes; but being controlled by what follows, it must be reversed. And as there is enough appearing on the record, might be here rendered, but from the consideration, that we might ourselves, mistake the proper parties; as the guardianship may have been changed, or the ward may have attained her majority.

The cause is therefore remanded.