## KEY, Adm'r, v. VAUGHN AND WIFE, et al.

1. When the jurisdiction of the orphans' court is apparent upon the record, all reasonable intendments in favor of the regularity of its decrees will be made; it will therefore be intended, that a guardian of infant distributees resides within this State.

2. A power of attorney, acknowledged before one professing to be a justice of the peace in Arkansas, with a certificate of the clerk of the probate court of the county, as to the official character of the justice of the peace, and of the acknowledgment, and registration of the power of attorney, is not sufficiently authenticated, either at common law, or under the act of Congress.

3. It is not necessary, under the act of March, 1848, securing to married women their separate estates, that a trustee should be appointed for the wife, to receive her distributive share of an estate to which she may be

Key, Adm'r, v. Vaughn and Wife, et al.

entitled during coverture. Although she may object to its reception by the husband, and ask the appointment of a trustee, if no such objection is made, the husband may receive the property of the wife as trustee, and be held to account accordingly.

4. A decree in favor of husband and wife, and guardian and ward, jointly, is erroneous, but may be amended in this court, at the costs of the plaintiff in error.

Error to the Orphans' Court of Lawrence. Before the Hon. Wm. M. Galloway, Judge.

This case originated in an application of the plaintiff in error to make final settlement of the estate of Thomas H. Seward, of which he was administrator. The decree recited, that the administrator had theretofore filed his account and vouchers, which had been duly examined, audited and reported by the judge; that forty days' notice had been given by advertisements, posted up at the door of the court house in Moulton, and at three other public places in the county, agreeably to law, and a previous order of said court; and that all contested items had been satisfactorily adjusted by the attorneys of the parties in interest. The decree then adjudges that the account, as audited, reported and adjusted, be allowed, &c., which leaves a balance in the hands of the administrator, of $1,612 62, for distribution, and thereupon it orders and decrees, that the administrator pay over to the distributees of Thomas H. Seward, said balance, as follows: To Elizabeth, late widow of the intestate, who has intermarried with Samuel Vaughn, the sum of $322 52; to William Guthrey, as guardian of Elijah E. Seward, the sum of $258 02, &c. It appears by the record, that on the application of the administrator, the court ordered to be entered on its minutes, a power of attorney from Samuel Vaughn, guardian of the minor heirs of the said intestate, purporting to have been executed in Jackson county, and State of Arkansas, acknowledged before a justice of the peace of said county and State, with a certificate of the clerk of the circuit court, and *ex officio*, clerk of the court of probate of the same county and State, as to the official character, &c. of the said justice of the peace, and of the record of said power of attorney in his office. This power of attorney authorizes one Wilkinson, to

demand and receive from the administrator, the several distributive shares of the estate, to which the said heirs are entitled, and a receipt is indorsed on it by Wilkinson, the attorney, acknowledging the payment to him by the administrator, of $334, in part of the amount due.

WM. COOPER, for plaintiff in error.

No counsel for defendants.

COLLIER, C. J.—The jurisdiction of the orphans' court is apparent from the record; we are therefore authorized to make all reasonable intendments in favor of the regularity of its decree. Wyman et al. v. Campbell et al. 6 Port. Rep. 219; Duval's heirs v. McLoskey, 1 Ala. Rep. 710; McRea admr. v. Pegues, admr, 4 Ala. Rep. 158; Davis v. Davis et al. 6 Ala. Rep. 870. It is not necessary that the decree should affirmatively show that the guardian of the distributees of the intestate estate resided in this state; under the influence of the principle stated, it must be presumed that the guardian was so appointed that the orphans' court was authorized to recognize him. If this presumption is untrue in point of fact, the objection to his right to receive the shares of the infant distributees should have been made in the orphans' court, and being originated here, cannot be entertained.

As it respects the receipt found in the record, purporting to have been given by the attorney in fact of the husband of Mrs. Vaughn, indicating the payment of a portion of the several distributive shares, in the absence of auxiliary evidence, it cannot be recognized as proof of what it imports. It does not appear that it was proved or admitted to be genuine, nor is it shown that the court was asked to consider it, and reduce the decree in favor of the wife *pro tanto*. But if the genuineness of the receipt had been shown, the proof of the execution of the power of attorney from which it is attempted to deduce the authority of the supposed agent, is altogether insufficient. The certificates of the justice of the peace and clerk of the acknowledgement and registration of the power, and of the official character of each of these officers, are not sufficient to authenticate the power under the legislation of congress or according to the common law.

The act of March, 1848, "securing to married women their separate estates, and for other purposes," is expressed in terms so exceedingly loose and general, as to devolve upon the court in almost every case arising under it, (until its meaning is settled) the necessity of interpreting the legislative intention by the legal rules of construction; and often under circumstances of great perplexity and doubt. We think however it may be safely assumed, that it does not require that a trustee should be appointed for the wife to receive her distributive share of an estate, to which she may be entitled during coverture. True, she may object to its reception by her husband, and ask that some third person may be appointed a trustee for her. But the objection must come from the wife, or be made in some other legal mode, or the husband may well be treated as the trustee, and the property of the wife be received by him. Where the separate estate of the wife is received by the husband, he is treated as her trustee, and will be held to account accordingly. Clancy on H. & W. 256, *et seq.*; Hoot et al v. Sorrell et al. 11 Ala. Rep. 386.

In the present case, the decree ascertains what is due to the wife and each of the other distributees, and directs the several shares to be paid; the wife's to herself, and the other shares to the guardian of the infant distributees. This perhaps may be unobjectionable, but then the decree adjudges that the husband and wife recover *jointly;* also that each of the infant distributees and his guardian recover. The decree in legal effect gives to the husband and wife a joint execution, and entitles the husband, should the wife die previous to its satisfaction, to an execution in his own name, and the guardian could in like manner control the decree as a survivor in the event of the death of a ward; and this although the guardian had been removed from his trust. In these several particulars the decree is incorrect, but the error is a mere clerical mistake amendable under the act of 1824; and must be here amended at the costs of the plaintiff in error. The clerk of this court will so modify that part of the decree which adjudges the several distributive shares, as to adjudge that the husband and wife recover for the use of the wife, and that the minor children by their guardian recover, setting out sev-

erally the names of all the parties.    Parks v. Stonum 8 Ala. Rep. 752.

In the case before us,  there  was no distinct and substantive order (as in McCleod v. Mason, 5 Port. Rep. 223,) for an execution to issue, consequent upon the rendition of the decree,  and an amendment  may therefore  be  here made.    In McCleod v. Mason the decree  was  drawn out  in due form and signed by the judge, and afterwards a distinct order was made on motion of the guardian, that execution issue in his name to recover of  the former  guardian of the infant ward, the sum adjudged  by the decree  to  be due.   We thought that what was technically called the *decree* was in itself sufficient, and  would  have authorised  an execution to issue in the name of the ward by her guardian ; but the subsequent order controlled it, and  improperly made  the guardian the primary and  sole  plaintiff in execution.   This order introduced an error which was  a  judicial act, and consequently not amendable in this court.   This view is decisive of all the points made by the plaintiff in error, and the consequence is, that the decree must be  here amended in  the  manner we have indicated, at his costs.