# THE COMMISSIONERS' COURT OF TALLA-DEGA vs. THOMPSON.

1. It is a general rule, in respect to the jurisdiction of courts, that nothing will be intended in favor of the jurisdiction of an inferior court, but every thing necessary to sustain its jurisdiction must appear on the face of the record.

2. The proceedings of the Commissioners' Court, in the establishment of a road, must show affirmatively that the road established lies within the limits of the county, otherwise its jurisdiction cannot be sustained.

3. The failure of a party to appear and object to the jurisdiction of the court is not a waiver of the objection.

ERROR to the Circuit Court of Talladega. Tried before the Hon. John J. Woodward.

THE Commissioners' Court of Revenue and Roads for the county of Talladega, on the petition of sundry citizens, passed an order for the establishment of a road, a portion of which ran through the lands of the defendant in error. The defendant in error took the case by *certiorari* to the Circuit Court, where the order establishing the road was quashed, on the ground that the Commissioners' Court had no jurisdiction in the premises, the record not showing that the road lay within the limits of Talladega county. The judgment of the Circuit Court is now assigned as error.

PARSONS & WHITE, for the plaintiffs in error:

The statutes which give the Commissioners' Court power to establish roads confer a general jurisdiction, and do not confine

it to the county. This limit is only implied from the constitution of the court.—Clay's Dig. 507, § 3.

By the notice and petition, as shown in the record, the jurisdiction of the court attached.—15 Ala. 134; Moon v. Hancock, 11 ib. 245; Long v. Commissioners of Butler Co., at this term; Couch v. Robinson, 6 Port. 262; Wyman v. Campbell, ib. 219; Duval v. McLoskey, 1 Ala. 708; Samuels v. Findley, 7 ib. 635; Thompson v. Toulmin, 2 Pet. 165.

By the notice any person had an opportunity of contesting the application, and having failed to make objections in the court below, cannot be heard to make them in an Appellate Court. The action of the Commissioners Court is not revisable.—Hill v. Bridges, 6 Port. 199; County Court v. Round Prairie Township, 10 Miss. 679; Shumway v. Stillman, 4 Cow. 296; Bissell v. Briggs, 9 Mass. 470; Taylor v. Comm'rs of Hampden, 18 Pick. 309; ib. 486.

Courts of limited jurisdiction must show by the record that the jurisdiction has attached, but when this is shown, the same intendments are made in favor of the regularity of its proceedings as of courts of general jurisdiction.—Key v. Vaughan, 15 Ala. 497; McRae v. Pegues, 4 ib. 158; Moon v. Hancock, 11 ib. 245; Davis v. Davis, 6 ib. 611.

It is no objection that record does not show that the land on which the road passes is in Talladega county; the contrary not appearing, this will be presumed.—Baltimore Turnpike, 5 Binn. 484. The description of the road and its termini are sufficiently certain, and fix its location.—Kyle's Road, 4 Yeates, 514; 9 S. & R. 35; 17 ib. 388.

The Commissioners were officers *de facto*, and their acts as such are valid, so far as the public and third persons are concerned.—Mayo v. Stonum, 2 Ala. 390; 7 Johns. 554; 9 ib. 135; 9 Mass. 231; 10 ib. 295.

RICE & MORGAN, for the defendant:

1. The only authority which the Commissioners' Court have to establish any road, is a special authority delegated by statute to take away a man's property and estate against his will; therefore, it must be strictly pursued, and must appear to be so upon the face of the order.—Rex v. Croke, 1 Cowper, 26-32; 3 Phil. Ev., 1288, 987; C. & H's note, 694; also, pages 995-6; 6 Wheat. 119; Taliaferro v. Basset, 3 Ala. 670; 2 Yerg. 492.

2. The jurisdiction and authority of a Commissioners' Court is limited to the particular county in which it is held. It has no absolute or unconditional jurisdiction of any road. It is both a local and an inferior court, and its members are elected for a single county. It has jurisdiction *sub modo* only as to roads of certain kinds.—Miller v. The People, 14 Johns. 371; 3 Phil. Ev., 996-90-45-6, 1248-9; 9 Johns. 440; Huntington's Case, Hard. 480; Taliaferro v. Basset, 3 Ala. 670; 6 Port. 219.

3. Whilst it may be allowable to indulge a presumption in favor of the jurisdiction of courts of general jurisdiction, the rule is settled that the jurisdiction of courts of limited and special jurisdiction is never to be presumed, but must appear affirmatively and at all events. Every part of their proceedings must be in writing.—3 Phil. Ev., 1012. "They can take nothing by implication."—3 Phil. Ev., 987; C. & H's note, 694; 3 Phil. Ev., 906, 1012-13-21, 1104.

4. The proceedings of such inferior courts, "through the whole range of the suit," must show a strict conformity to the powers of the court, especially when assailed on *certiorari.*—3 Phil., 987; C. & H's note, 694.

5. A *certiorari* is often allowed and the judgment reversed, where the proceeding is an absolute nullity.—Starr v. Trustees, &c., 6 Wend. 564-7; 3 Phil. Ev., 989; C. & H's note, 694.

6. It does not appear that the proposed road was within Talladega county.

CHILTON, J.—In a case between these parties, reported in 15 Ala. 134, we held, that the record of a *court of* limited jurisdiction should contain every fact essential to the validity of its judgment, and, as in that case the record failed to disclose that thirty day's notice had been given, as the statute required, of the application to be made for the establishment of the road, the proceedings of the court establishing it were adjudged bad, and properly quashed.

The general rule in respect to the jurisdiction of courts seems to be, "that nothing shall be intended to be out of the jurisdiction of a superior court, but that which specially appears to be so; and on the contrary, nothing will be intended to be within the jurisdiction of an inferior court but that which is so expressly alleged."—Peacock v. Bell & Kendall, 1 Stra. Rep. 74;

Archb. Civil Pl., 290; Rex v. Mayor, &c., of Liverpool, 4 Burr. 2244. "Inferior courts," says Bacon, "are bound, in their original creation, to causes arising within such limited jurisdiction; hence it is necessary for them to set forth their authority; for nothing shall be intended within the jurisdiction of an inferior court, but what is expressly alleged to be so."—2 Bac. Abr. by Bouv. 630, Courts, *d.* 4. It has been repeatedly held that where the court is one of limited jurisdiction, though it may not, strictly speaking, be an *inferior* court, the cause must appear on the record to be within the jurisdiction.—Lord Conynsby's Case, 9 Mod. 95; Wood v. Wagnon, 2 Cran. 9; Capson v. Van Noorden, ib. 126; Turner v. The Bank of N. America, 4 Dall. 8; ib. 7; ib. 13; Abercrombie v. Dupnis, 1 Cran. 343; 4 ib. 46; and it must appear from the face of the proceedings that such courts have acted within the scope of their jurisdiction.—2 Bac. Abr. by Bouv. 630, and the numerous cases cited in notes. When the jurisdiction of the court, in the particular case, is once established upon the record, then all reasonable intendments will be made in favor of the regularity of the sentences or decrees of such court.—Key, adm'r, v. Vaughn *et ux.*, 15 Ala. 497, and cases cited. So where the order of the Commissioners' Court of Roads and Revenue, appointing a jury to view, &c., a proposed road, required them to be sworn, and their report certified that they proceeded to discharge the duty devolved upon them by the order, "after being duly sworn," we intended, in favor of the regularity of the judgment, that they were duly sworn, notwithstanding no certificate or copy of the oath appeared in the record.—Long v. The Commissioners of Roads and Revenue of Butler county, at the last term. But the jurisdiction must be shown.—Taliaferro v. Basset, 3 Ala. 670.

Applying these principles to the case before us, we think it very clear that the record does not affirmatively show the jurisdiction of the court over the road, which is established by its order. The Commissioners' Court is established and organised in each county, and its jurisdiction over the subject of roads, &c., is co-extensive with the limits of the county. If then the proposed road does not lie within the county of Talladega, the Commissioners' Court of that county had no jurisdiction whatever to establish it. It must then appear from the re-

cord that it does lie within the county, otherwise the proceeding is irregular, unless we can intend that it is within the jurisdiction of the court. But we have already seen that such intendment cannot be indulged, and that it must affirmatively appear from the record itself; not appearing, it results that the order establishing the road was irregular, and the same was properly quashed by the Circuit Court.

The question, as to the right of the party injured to revise such cases as the present upon *certiorari*, was fully discussed and settled in 15 Ala. 134, in a case between the same parties, and hence we deem it unnecessary to go into that question now. We do not agree with the counsel for the plaintiff in error, that the failure of Mrs. Thompson to appear, and raise this objection of the want of jurisdiction, is a waiver of it on her part.—See Taliaferro, adm'r, &c., v. Bassett & Wife, 3 Ala. 670.

We have considered the several cases to which we have been refered, and do not conceive that they militate against the view here taken.

Let the judgment be affirmed.