[Sac. No. 503.  Department Two.—November 11, 1899.]

E. C. BEDELL, Respondent, v. J. B. SCOTT, Appellant.

PUBLIC HIGHWAY—LICENSE TO COLLECT TOLLS—DETERMINATION OF NECESSITY.—Under subdivision 41 of section 25 of the County Government Act of 1895, the determination by the board of supervisors that in its judgment the necessary expense in operating a public highway was too great to justify the county in so operating it, is prerequisite to its power to confer a license or franchise upon anyone to collect tolls over such public highway, and such determination must appear from the records of the board.

JURISDICTION—INFERIOR COURT—RECORD.—When the jurisdiction of an inferior court or tribunal depends upon facts to be ascertained by such tribunal, its record must affirmatively show the existence and determination of such facts.

APPEAL from a judgment of the Superior Court of Placer County and from an order refusing a new trial.  J. E. Prewett, Judge.

The facts are stated in the opinion of the court.

Tabor & Tabor, for Appellant.

John M. Fulweiler, for Respondent.

HENSHAW, J.—Defendant appeals from the judgment and from the order denying his motion for a new trial.  This was an action to collect an assigned claim for tolls alleged to be due from defendant to plaintiff's assignor for the passage of animals and vehicles over a highway in the county of Placer. The court found the road in question to be a free public highway.  The authority of the board of supervisors to fix a toll rate, and to provide for the collection of tolls upon a free public highway, is drawn from subdivision 41 of section 25 of the County Government Act.    (Stats. 1893, p. 359.)    In the case of a free public highway, the supervisors may authorize the collection of tolls "whenever in their judgment the expense necessary to operate or maintain such public road or highway as a free public highway is too great to justify the county in so operating or maintaining them."    The court also found that the license and franchise to collect tolls over and along said free public highway was granted to plaintiff's assignors because

in the judgment of the board of supervisors the expense necessary to maintain and operate the same as a free public highway was too great to justify the county in so operating and maintaining the same. This finding is attacked. The records of the board of supervisors introduced in evidence failed entirely to show that the board received evidence and made any determination to this effect. Its judgment that the necessary expense in operating a public highway was too great to justify the county in so operating it is prerequisite to its power to confer a license or franchise upon anyone to collect tolls over such public highway. Its jurisdiction depends upon the determination of the fact, and its records should show such determination. It is too well settled to need discussion that, when the jurisdiction of an inferior court or tribunal depends upon facts to be ascertained by such tribunal, its record must affirmatively show the existence and determination of such facts. (*Johnson v. Eureka County*, 12 Nev. 28; *Rosenthal v. Madison R. R. Co.*, 10 Ind. 359; *Wightman v. Karsner*, 20 Ala. 446; *Plummer v. Waterville*, 32 Me. 566; *Armija v. Commissioners of Bernalillo Co.*, 3 N. Mex. 297; *People v. Brown*, 23 Colo. 425.) Upon the face of the record of the supervisors it nowhere appears, either that the road was a free public highway, or that in the judgment of the supervisors the expense of operating and maintaining it was too great to justify the county in the undertaking. The order, being thus radically defective, cannot avail the plaintiff in his asserted right to collect tolls.

The judgment and order are therefore reversed and the cause remanded.

Temple, J., and McFarland, J., concurred.